JORDAN ET AL. v. BROWN ET AL.

1. **Conveyance:** VALIDITY OF: ESTOPPEL. Where the owner of land agreed with the holder of a judgment against him that the latter should purchase a maturing tax sale certificate on the land, and take and hold the title under the same ·as security for the payment of his judgment, and in accordance with a further agreement between them the holder afterward sold and conveyed the property under the tax title, to one who had no knowledge that he held such title as security only, it was held that the former owner was estopped to claim that the title acquired by such grantee was not absolute.

2. **Tax Sale:** ACTION TO RECOVER POSSESSION: STATUTE OF LIMITA-TIONS. Facts considered under which it was held that an action to re-cover possession of land under a tax deed was not barred by the statute of limitations.

3. ———: DEED HELD AS SECURITY: REDEMPTION. Where the holder of a judgment procured a tax deed to lands of the judgment debtor, which he agreed should be subject to redemption by the payment of the judg-ment, it was held that other claimants to the land, against whom, but for such agreement, the tax sale would have conveyed an absolute title, could only redeem therefrom by complying with terms of the agree-ment.

4. **Practice:** PLEADINGS: ISSUES RAISED BY. The issues raised by the pleadings held to warrant the decree entered.

*Appeal from Wapello Circuit Court.*

SATURDAY, JUNE 11.

DAVID BROWN, one of the defendants, was in 1866 the owner of certain lands which are in controversy in this action. In that year he executed a deed for the property to one Hunter, who within six days conveyed it to one Cowan.

Within six months Brown commenced an action against Hunter and Cowan to set aside the deed executed by him to Hunter, on the ground of fraud. Hunter made default, but the title of the land was declared to be vested in Cowan, as a *bona fide* purchaser without notice, and as to him the peti-tion of Brown was dismissed. Brown continued in posses-sion of the lands and did not abandon his claim thereto, but

served a notice of an appeal.   Before the time of perfecting
an appeal had expired, one La Force purchased the lands of
Cowan.   On June 5th, 1872, La Force conveyed the lands
to Barbara, the wife of Brown, the bargain and negotiations
being made by Brown himself.   Nothing was paid upon the
purchase.   Brown and his wife made their note for the pur-
chase money, $1,800, and $200 on account of taxes paid by
La Force, and executed a mortgage upon the land in ques-
tion to secure their payment, dated June 17th, 1872.   La
Force transferred the mortgage to Davis, who obtained a de-
cree foreclosing the mortgage, March 29, 1876.

On May 29th, 1867, whilst the suit of Brown against
Hunter and Cowan was pending, one Forrester, the brother-
in-law of David Brown, recovered a judgment against him
for $1,600, on which was paid, April 28th, 1868, $811.90.

On the 5th of October, 1868, the lands were sold for taxes
to Hackworth.   Forrester, discovering that the lands had been
sold for taxes, and that the time for redemption had nearly
expired, visited Brown for the purpose of securing the re-
demption of the lands, in order to protect his judgment.   It
was finally agreed that Forrester should procure an assign-
ment of the tax certificate, and when the time for redemp-
tion expired take a deed for the lands.   Hackworth assigned
the treasurer's certificate to Forrester, to whom a tax deed
was executed, October 9th, 1871, which was recorded on the
fourteenth of the same month.   Forrester conveyed the lands
to William A. Jordan, January 1, 1873.   William A. Jor-
dan and Barbara Brown both died before the commencement
of this action.   Barbara Brown left as her sole heirs her hus-
band, David, and her children, Mary, Mack L., and Florence.

On October 5th, 1876, the plaintiffs, the widow and chil-
dren of William A. Jordan, commenced this action for the re-
covery of the lands under the tax title already alluded to,
making David Brown and certain others defendants.   The
children of Barbara Brown were first made defendants by an
amendment to the petition filed January 24th, 1877, notice of

which was served February 15th, 1877. On the 27th of July, 1878, the plaintiffs filed an amendment and supplement to their petition making Davis a party defendant, and praying that their title may be declared· superior to the claim of Davis under his mortgage foreclosure.

The cause was transferred to to the equity docket, and was tried as an equitable proceeding. The court decreed that the tax deed in question be treated as an equitable trust or mortgage to secure the Forrester judgment, the amount paid Hackworth, and taxes subsequently paid, with interest at six per cent; that as to the taxes it constitute a lien superior to the Davis foreclosure, but that as to the amount of the Forrester judgment it constitute a lien inferior and subject to the Davis foreclosure lien. All parties appeal.

*Stiles & Lathrop*, for plaintiffs.

*William McNett*, for defendants.

DAY, J.—I. An opinion was filed in this case at the last June term. Upon petition of the defendants a rehearing was granted, and the cause is again submitted for determination. The regularity of all the proceedings connected with the tax sale to Hackworth is admitted. Ordinarily, the effect of this sale, and of the deed made pursuant thereto, would have been to divest absolutely the title of the Browns, and of all parties holding under them. But the testimony, we think, supports the conclusion that it was agreed between Brown and Forrester that Forrester should take an assignment of the treasurer's certificate, and procure a treasurer's deed to secure the advances made by him in acquiring the tax title, and to secure the judgment which he then held against Brown. Under this arrangement Forrester held the title·of the lands as a mortgagee. More than a year ·after this transaction Forrester, being pressed for money, urged payment of his judgment. Brown was unable to raise the money. At Brown's sugges-

1. CONVEYANCE: validity of: estoppel.

tion Forrester sought a purchaser of the lands.  A trade was finally made with Jordan.  Brown advised the trade, and assisted in the negotiations.  There is no evidence to authorize the conclusion that Jordan had notice that Forrester held the title of the lands as security.  The sale was in the form of an absolute one, with no agreement or reservation to the effect that the title was to be upon any condition.  Brown stood by and assisted in making the sale.  He is estopped to claim that Jordan did not acquire an absolute title.  As to the portion of the lands inherited by David Brown, the interest of all parties is divested absolutely by the tax title.

II.  It is insisted that, as to children of Barbara Brown, the action to recover upon the tax title is barred by the statute of limitations.  The children of Barbara Brown were not made defendants until February 15th, 1877, which was more than five years after the tax deed was recorded.  The conveyance from Hackworth to Forrester, being, as we have seen, intended to secure the judgment of the latter, and the repayment of money advanced by him to acquire the tax title, operated as a mortgage between Brown and Forrester.  The tax title would have been paramount to the title derived by Barbara Brown from La Force, and to the mortgage held by Davis, had it not been for this agreement.  It would have operated to divest the title wherever it vested, and the children of Barbara Brown could have made no resistance to it, except upon the ground that the action is barred by the statute of limitations.  Now the arrangement between Brown and Forrester, under which the latter acquired the tax title, was for the benfit of all the heirs, as it secured for them rights which otherwise would not have existed.  Forrester held the title as a mortgagee, and the children of Barbara Brown, as well as David Brown, had the right of redemption until Forrester conveyed the lands.  Under this arrangement neither Barbara Brown nor her heirs held title to the lands adversely to Forrester.  As long as Forrester held title, the statute of

*[Margin note: 2. TAX SALE: action to recover posses- sion: statute of limitations.]*

limitations did not run in favor of Brown, his wife, or, after her death, her heirs. While the relation of mortgagor and mortgagee, or of trustee and *cestui que trust*, existed between Forrester, the holder of the tax title, and Brown, neither party could have held or claimed the lands adversely to the other. An adverse claim of title must exist to enable a defendant in an action for the recovery of land to plead the statute of limitations. It follows that while Forrester held the title, the statute of limitations did not run against it.

It does not appear that the defendant, David Brown, had any authority by his conduct respecting the sale to Jordan to estop the other defendants, the children of Barbara Brown. The evidence shows that Forrester not only conveyed his tax title to Jordan, but he also assigned to him the judgment which he held against Brown. It must be conceded, independently of any question of estoppel, that Jordan did, by his purchase, at least succeed to the rights of Forrester as against all parties. Now, if at the time of Jordan's purchase the statute of limitations had not begun to run against Forrester, it had not begun to run as against Jordan. We need not determine whether the statute of limitations began to run when Jordan made his purchase, as the action was brought within five years of that time.

III. It follows from what we have said that, as to the interest of the children of Barbara Brown, the tax deed is to be treated as a mortgage, and not as constituting a title absolute. The question now arises as to the priority of lien between the amount secured by the tax title, and the amount secured by the La Force mortgage, now held by Davis. We have already said that Forrester procured the tax title to secure not only the advances made by him in procuring the title, but also the amount of his judgment against Brown. From the statement of facts, it appears that this judgment was obtained May 29, 1867, after the conveyance of the land to Hunter, and by Hunter to Cowan. The judgment was not, therefore, as to Cowan, who

3. ——: deed: held in security: redemption.

was decreed in the proper action to be an innocent purchaser, a lien upon the land. But, the tax sale being regular, Hackworth was in a position to acquire an absolute title as against Cowan and La Force, and Davis, the assignee of the La Force mortgage. The agreement between Brown and Forrester, by which this tax title became less than absolute, was beneficial to all parties including Davis. If Hackworth had taken the tax deed, or Forrester had unconditionally purchased the certificate of tax sale, and taken a deed, all interest of Davis would have been divested. Davis must accept the benefits of this agreement *cum onere*, and cannot be heard to insist that the tax deed shall not be held as security for the Forrester judgment.

IV. It is claimed, however, that no question of mortgage or trust is made in the pleadings, and that the decree, in so far as it is based upon the existence of a trust or mortgage, goes entirely outside of the issues in the case.

4. PRACTICE: pleading : issues raised by.

The plaintiff's original petition was in ejectment. The answer of David Brown denies the plaintiff's title, and. alleges that defendant procured Forrester to purchase the certificate of Hackworth and take a tax deed to himself, which deed and title it was expressly agreed was to be taken and held by Forrester in trust for Barbara Brown, and as security for the money advanced for that purpose, and compensation for trouble, until Barbara Brown could refund the same. The answer prays that, in the event plaintiffs are adjudged to be subrogated to the rights of Forrester, an accounting may be had to ascertain the amount paid out by the said Forrester in pursuance of said agreement, to the end that the same, with interest, may be paid off by defendant, or made a charge and lien upon said lands, and for other relief as may seem equitable. The answer of the children of Barbara Brown adopts the averments of the answer of David Brown, and, in addition thereto, pleads the statute of limitations. The second amendment to the petition makes·Davis a party defendant, and prays as follows:

"That the said G. A. Davis may be made a party defendant to this proceeding, to the end that the rights of all the parties, claiming an interest in or lien upon said lands may be settled by decree herein; that if, upon final hearing, plaintiffs' title be found to be in fee simple absolute, then that they have a decree removing the cloud cast upon it by said mortgage and decree of said G. A. Davis, and canceling the same and declaring plaintiffs' title absolute. Or if the court should find that plaintiffs' title is held by them in trust for any purpose, then that the court shall declare the same, and the extent thereof, and when thus ascertained shall declare the same superior to the mortgage and decree of said defendant Davis, and superior to all other claims." Upon the answer of the defendants, setting up that the plaintiffs' tax title was held simply in trust, the cause was transferred to the equity docket. The court was called upon to inquire into and determine whether the tax title was held in trust, and the nature of the trust. It is true the court found the trust to be of somewhat different character from that alleged in the answer. That is, the court found the tax title was procured to secure Forrester's judgment, as well as the sum which he might pay for the tax title. But the question of the existence of a trust being submitted properly to the court for determination, the court had a right to find and determine its character as disclosed by the evidence. The court was not bound, if it found a trust existed, to find that it was, in its entire scope and purpose, and the amount involved, precisely as charged in the answer. The court had jurisdiction, under the issues, and the relief asked, to determine whether Forrester acquired the tax deed under an agreement making his title merely equitable, and, if so, the nature of the agreement, and the extent of the rights acquired under it.

V. The plaintiffs insist that the court erred in allowing them only six per cent interest upon the taxes which they have paid upon the land in controversy. The decree of the court in this respect, we think, is correct.

VI. It follows from what we have said that, as to an undivided one-third of the lands covered by the tax deed, the plaintiffs' title is absolute. As to the remaining undivided two-thirds of the lands included in the tax deed, the plaintiffs hold the tax deed as a mortgage, paramount to the lien of the La Force mortgage, and the Davis foreclosure thereunder, to secure the amount of the two-thirds of the amounts advanced for the tax certificate, and the subsequent payment of taxes. The decree is affirmed in all respects, except as above indicated.

REVERSED.