JOHNSON v. FOSTER.

1. **Mortgage Foreclosure**: PARTIES: MORTGAGOR AFTER SALE OF
PROPERTY. When the mortgagor has disposed of all his interest in the
property, he is not a necessary party to an action to foreclose the mort-
gage; (*Murray v. Catlett*, 4 G. Greene, 108, and *Johnson v. Monell*, 13
Iowa, 300;) but in such case, as against the owner of the property, the
amount of the debt should be ascertained by the court, and a special
execution should be ordered for the sale of the property to satisfy the
debt.

*Appeal from Linn Circuit Court.*

FRIDAY, DECEMBER 18.

PLAINTIFF brought this action to quiet her title to a lot in
the city of Marion. Defendant answered that he was the
owner of a mortgage on said lot, which was a lien thereon
superior and senior to the interest therein of plaintiff, and he
prayed judgment for the amount of the debt secured by said
mortgage, and for a foreclosure thereof. The judgment of
the circuit court determines that defendant's mortgage is
superior to the interest of plaintiff in the premises. But the
court refused to enter judgment for the amount of the debt,
or to foreclose the mortgage. Defendant appeals.

*George W. Wilson*, for appellant.

*Davis & Brooks*, for appellee.

REED, J.—The mortgage under which defendant claims
was given by one J. W. Walker to George H. Gray, to secure
the amount of nine promissory notes. Gray subsequently
assigned one of said notes to defendant. After the execution
and recording of the mortgage, Walker sold and conveyed the
premises to plaintiff's husband, who devised the same to her.
Plaintiff's husband took the premises subject to the mort-
gage; but he did not assume or agree to pay the portion of

the mortgage debt now held by defendant. Walker was not made a party to the action. Defendant contends that, although he was not entitled to a personal judgment against plaintiff for the amount of the debt, he was entitled to have the amount determined by the judgment of the court, and that an order should have been made for the sale of the mortgaged premises, on special execution, for the satisfaction of the debt. Plaintiff's position is that, as Walker is the only party who is personally liable for the debt, he is an essential party to any action which has for its object either the determination of the amount of the debt, or the sale of the mortgaged property for its satisfaction.

It was held by this court, in *Murray v. Catlett*, 4 G. Greene, 108, and *Johnson v. Monell*, 13 Iowa, 300, that when the mortgagor has disposed of his interest in the mortgage premises, he is not a necessary party to a proceeding to foreclose the mortgage. These cases, we think, are conclusive of the question before us. The statutory provision governing the foreclosure of mortgages when the proceeding was by an action in court, in force when those cases were decided, were not materially different from those now in force. Section 3321 of the Code of 1873 provides that " the court shall render judgment for the entire amount found to be due, and must direct the mortgaged property, or so much thereof as is necessary, to be sold to satisfy the same." Substantially the same provision was contained in section 2084 of the Code of 1851, which was in force when *Murray v. Catlett*, was decided; also in section 3661 of the Revision of 1860, which was in force when *Johnson v. Monell* was decided.

The provision does not mean that a personal judgment shall be rendered for the amount of the debt. It required only that the amount shall be ascertained, and the property ordered to be sold for its satisfaction. It is true that a personal judgment may be rendered against the party who is personally liable for the debt if he is before the court, and general execution may be had against his property for the

satisfaction of any balance of the judgment remaining after the mortgaged property is exhausted. But when the only object of the proceeding is to appropriate the mortgaged property to the satisfaction of the debt, he is not a necessary party to the proceeding unless he retains some interest in the property. The judgment of the circuit court will be reversed and the cause remanded, with direction to enter a judgment determining the amount of defendant's debt, and ordering the sale of the mortgaged property; or, at defendant's election, such judgment will be entered here.

REVERSED.