WILLIAM WATTS, Appellee, v. HUGH R. CREIGHTON, et al., Appellants.

1. **Title by Adverse Possession:** HOLDING AGAINST MORTGAGE. The defendants having given to C. a sum of money with which to purchase the property in controversy, C. caused a conveyance thereof to be made to himself, and executed a mortgage to S. for a part of the purchase money. Without knowledge of the fact that C. had taken title in himself, nor that said mortgage had been executed, the defendants entered into possession, and so continued for more than ten years. For a time C. paid the taxes on the property, and also the interest upon the mortgage notes, and finally conveyed the property to the defendants subject to the mortgage. *Held*, that the defendants could not acquire a title to the property through adverse possession as against the mortgagee under said mortgage, or his assignee.

2. **Limitation of Actions:** OPTION TO DECLARE DEFAULT IN MORT-GAGE: WHEN STATUTE BEGINS TO RUN. Under a clause in a mortgage giving to the mortgagee the option to declare the whole mortgage debt due upon the default of the mortgagor in the payment of interest or taxes, the right of action upon the whole indebtedness does not accrue in such sense as to set in operation the statute of limitations.

3. **Foreclosure of Mortgage:** MORTGAGOR NOT NECESSARY PARTY. In an action to forclose a mortgage upon real estate the mortgagor is not a necessary party where he has disposed of his interest in the mortgaged premises, and no personal judgment against him is asked.

*Appeal from Warren District Court.*—HON. A. W. WILKINSON, Judge.

MONDAY, MAY 16, 1892.

ACTION on two promissory notes, and for foreclosure of a mortgage securing the same. Hugh R. Creighton made default. The defendants James H. Creighton and Laura C. Creighton plead adverse possession of the mortgaged premises, the statute of limitations, and partial payment. The plaintiff, replying, denies the matters pleaded by the defendants. There was a finding and decree against the defendants, and they appeal.—*Affirmed.*

*McGarry & Brown* and *James H. Creighton,* for appellants.

*H. McNeil* and *W. H. Berry,* for appellee.

KINNE, J.—I. This action is for judgment on two notes for the balance due, after crediting certain payments admitted to have been made, and for taxes paid on the mortgaged premises, and for a foreclosure of the mortgage securing the notes. The defendants, James H. and Laura C. Creighton, plead a payment of two hundred dollars, admit they have an interest in the premises, and deny all the other allegations of the petition. As to the plea of payment, there is no evidence whatever to sustain it.

The defendants claim to have held the mortgaged premises adversely to the plaintiff for over ten years. It appears that in 1878 the defendant, Hugh R. Creighton, received from the defendant, James H. Creighton, a sum of money with which to purchase the mortgaged property. Hugh R. made the purchase, took the title in his own name, and executed the notes and mortgage in controversy to one Burton A. Smith, for a portion of the purchase price of the property. The mortgage and notes were afterwards assigned to the plaintiff. The defendant, James H. Creighton, in the same year took possession of the mortgaged property, and has since occupied it. This action was commenced in June, 1889.

1. TITLE by adverse possession: holding against mortgage.

James H. Creighton claims he did not know for two or three weeks after he entered into possession of the property that Hugh had taken the title to it in his own name. About the same time it appears he ascertained the fact that this mortgage was on the property. Hugh R. Creighton for a time paid the taxes on the property; also the interest on these notes. He absconded in June, 1885, but some time before he left he executed a deed for this property to James H. Creighton, subject to the incumbrance. James H. also paid some taxes upon the property, and caused the buildings thereon to be insured, paying the premiums therefor. Under our law, the mortgagor of real estate retains the legal title, and right of possession. Code, section 1938. James H. Creighton was part of the time holding possession under the mortgagor, and with his consent, and afterwards as grantee of said mortgagor. It is clear that the possession of the mortgagor would not have been adverse to the mortgagee or his assignee. And the same is true as to the defendants, James H. and Laura C. Creighton, who have all the time been in possession of the mortgaged premises with the consent of the mortgagor, or as grantees from him. Their possession

was consistent with, and not adverse to the plaintiff. The law in this respect is so well settled in this state as to need no discussion. *Crawford v. Taylor*, 42 Iowa, 264; *Jordan v. Brown*, 56 Iowa, 285; *Hodgdon v. Heidman*, 66 Iowa, 646; *Green v. Turner*, 38 Iowa, 112.

II. The mortgage securing the notes contained this provision: "It is further agreed that if default shall be made in the payment of said sums of money or any part thereof, principal or interest, or if the taxes assessed on the above described real estate shall remain unpaid for the space of three months after the same are due and payable, then the whole indebtedness shall become due." It must be conceded that this action is not barred by the statute of limitations, unless the provision above set forth operated to set the statute in motion on the failure to pay interest and taxes. In other words, if the plaintiff's cause of action as to the entire indebtedness accrued, in a statutory sense, when the defendants failed to pay interest and taxes, then the bar of the statute was complete before this action was commenced. It then becomes a material inquiry as to when the cause of action arose, in view of this provision in the mortgage.

2. LIMITATION of actions: option to declare default in mortgage: when statute begins to run.

In *Bank v. Doe*, 19 Vt. 463, it was contended that the statute of limitations began to run as to the entire note when the first year's interest became due thereon, though by the terms of the note it did not mature for several years. The court said: "It is true that the orators might have instituted their suit for the recovery of the year's interest, but they were not bound to do so. The statute does not begin to run upon the demand until the principal, or at least some separate and distinct portion of the principal, becomes due and payable, and then only upon such distinct portion." In *Nebraska City Nat. Bank v. Nebraska City Hydraulic, etc. Co.*, 14 Fed. Rep. 763, the suit was upon certain

bonds due in 1882. There was a provision in the bonds "that, if any installment of interest falling due remained unpaid for six months, the whole debt should become due." There was a failure to pay interest when it became due, and it was claimed that the statute of limitations would run from that time as against the bonds as well as the interest coupons, but it was held that the bonds sued on were not due until 1882, "and the fact that the failure to pay the coupons within six months from maturity gave the bondholders the option to sue for both principal and interest did not, of itself, cause the bonds to mature at the date of such default, or at the expiration of six months, so as to cause the statute of limitations to begin to run." In *Belloc v. Davis*, 38 Cal. 242, the note in suit contained this clause: "And, in case default be made in any payment of interest when the same shall become due as aforesaid, then the whole amount of principal and interest to become due and payable immediately upon such default. In discussing the question, the court said: "The question for our decision, therefore, is, when did the cause of action accrue? Did the statute commence to run from the time of the first default in the payment of interest, or only on the expiration of the term of credit specified in the note, to-wit: six months from its date? The question is novel, and somewhat embarrassing, but our conclusion is that the cause of action, within the true meaning of the statute, accrued at the expiration of the credit fixed by the note, to-wit: six months after its date." The court also holds that the holder of the note could waive the provision, which was inserted for the sole benefit of the creditor, by accepting payment of interest after default made. In *Lowenstein v. Phelan*, 22 N. W. Rep. 561, the supreme court of Nebraska, in case of a mortgage containing this stipulation: "Also that, if said land is hereafter sold for tax, or if the annual interest on any of said notes, or if any one of said notes, remains

unpaid for thirty days after maturity,
this entire debt, all of said described
notes, principal and interest, shall become
immediately due and payable, and this
mortgage may then be foreclosed,"—said that such
provision was for the benefit of the mortgagee; that he
might waive its benefit without putting himself in
default, and that the real contract of the parties was
the loan to be paid in installments extending over a
period of years. "In our view, the provision is per-
missive merely—that in case of default, the mortgagee
may bring an action." This case, which is a very well
considered one, holds in effect that the notes did not
become due by reason of the failure to pay one of the
installment notes, without more; that it was at the
mortgagee's election to make the whole debt due; and
this he could do by bringing an action to foreclose.
The same doctrine above laid down is held in other
cases. *Richardson v. Warner*, 28 Fed. Rep. 343, and
cases cited.

*3. FORECLOSURE of mortgage: mortgagor not necessary party.*

The only state where such provisions have been
held to set in operation the statute of limitations is
Kansas. In *Bank v. Peck*, 8 Kan. 660, the condition
in the mortgage made all the debt due and payable
absolutely in case any part of the money secured by the
mortgage should not be paid when due. The court
held that the provision was usually for the benefit of
mortgagees, but that the mortgagor had a right to take
advantage of it; that, "when the payee, at the expira-
tion of six months, failed to pay the note then due, by
the terms of the contract all three notes became due,"
and the statute of limitations began to run on all the
notes, and a subsequent purchaser purchased after
maturity. The case of *Hemp v. Garland*, 4 Q. B. 519,
cited by the defendant, is at least distinguishable from
the case at bar, as in that case no question of waiver was
involved. This court has said in the case of *Leavitt v.*

*Reynolds,* 79 Iowa, 351, when referring to a provision in a mortgage which provided that default in the payment of the principal or interest when due, should cause the whole sum remaining to become due: "The default in the first renders subsequent notes due or not at the election of the holder." We have briefly reviewed the authorities touching this question, and are content with the rule that the provisions in the mortgage in the case at bar gave the plaintiff or his assignor the right, on a failure to pay taxes or interest as agreed therein, to elect to consider all the indebtedness due, and one way of evidencing such an election would have been the bringing of a suit to foreclose the mortgage. It was not incumbent on the mortgagee to take advantage of this provision for his benefit in the mortgage. He might waive the rights which he would obtain by its enforcement by accepting interest payments after the condition of the mortgage in that respects had been broken. In the view we have taken, the action is not barred by the statute.

III. It is claimed by the appellants that the judgment was void, and no decree could be rendered in the action, because no legal service was had on the defendant, Hugh R. Creighton. There was no judgment rendered against him. He had parted with all his interest to the defendant, James H. Creighton. So long as no personal judgment was sought against Hugh R. Creighton, he was not a necessary party to the action, nor can the appellants urge the failure to serve said Hugh R. Creighton as an objection to the plaintiff's decree and execution. *Williams v. Meeker,* 29 Iowa, 292.

The decree of the district court is AFFIRMED.