J. W. HINSON AND THE COTTONDALE STATE BANK, A CORPORATION, *Appellants,* v. JOHN E. GAMMON, *Appellee.*

When mortgagors have conveyed all their rights and interests in the mortgaged property to other parties, such mortgagors are not necessary parties to a suit to foreclose the mortgage.

This case was decided by Division B.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*E. C. Welch,* for Appellants;

*Paul Carter,* for Appellee.

HOCKER, J.—The appellee, Gammon, filed a bill in the circuit court of Jackson county against the appellants and other parties to foreclose a mortgage executed to appellee by J. T. Mayo and his wife Susie, on the 31st of December, 1906, embracing certain lands therein described. Mayo and wife are not parties to the bill, and no relief is prayed against either of them. It is alleged in the bill that after the mortgage was executed to appellee, Mayo and wife conveyed all the lands described in the mortgage to other parties, who are the defendants in this suit, and who are alleged to be the holders of the equity of redemption. The appellants demurred to the bill because Mayo and wife were not made parties to the suit. Decree *pro confesso* were entered against the other defendants. On rehearing the circuit judge overruled the demurrer, and from this ruling an appeal was taken to this court by Hinson and the bank.

The sole question here is whether Mayo and wife were necessary parties to the bill.

In 2 Jones on Mortgages (6th ed.) Sec. 1404, it is said: "The mortgagor, after he has conveyed the whole of the premises mortgaged is not a necessary party to the suit (foreclosure) ; nor indeed is he a proper party, unless a personal judgment for any deficiency there may be, after

applying the property to the debt, is sought against him."
To the same effect see Johnson v. Foster, 68 Iowa, 140, 26
N. W. Rep., 39; West v. Miller, 125 Ind., 70, 25 N. E. Rep.,
143; Bernard v. Shemwell, 139 N. C., 446, 52 S. E. Rep., 64;
Watts v. Creighton, 85 Iowa 154, 52 N. W. Rep., 12; Lock-
wood v. White, 65 Vt., 466, 26 Atl. Rep., 639; Bennett v.
Mattingly, 110 Ind., 197, 10 N. E. Rep., 299; Wilsie On
Mortgage foreclosures, section 118, p. 137; Kerr's Suppl.
to Wilsie on Mortgage foreclosures, p. 1109.

The order appealed from is affirmed.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J.,
concur in the opinion.