CLARA FRENZEL, appellee, v. ARLENE FRENZEL et al,. appellants.

No. 52293.

(Reported in 152 N.W.2d 157)

JULY 11, 1967.

Gary B. Garrison, of Des Moines, for appellants.

Swisher, Cohrt, Swisher, Finch & McCann, of Waterloo, for appellee.

SNELL, J.—This is an action in rem on a note, and to foreclose a mortgage securing the note. The action was brought by the payee and holder of the note against the wife, son and daughter-in-law of the deceased maker of the note. Prior to trial the defendant moved to dismiss the action, alleging the action barred by the statute of limitations. The motion was overruled. The facts were established by stipulation. Judgment for the plaintiff followed.

Defendants have appealed.

On August 20, 1952, a note was executed by Leo D. Frenzel and delivered to the plaintiff for value received in the amount of $7500, payable $52.95 per month from date. The note also provided for interest.

To secure the payment of the note, Leo D. Frenzel and Arlene Frenzel, his wife, executed and delivered to plaintiff, a mortgage on the property now involved.

Defendant, Arlene Frenzel, is the owner of the real estate described in the mortgage and became the owner thereof as surviving joint tenant with right of survivorship.

Leo D. Frenzel, maker of said note and mortgage, died on the 30th of August, 1962.

By the commencement of this action the plaintiff declared the whole of said note due and payable.

No payments, principal or interest, have been made on the note.

Plaintiff is the owner and holder of said note and mortgage.

The note contained the clause "If default be made in the payment of any of said principal installments or interest when due, the holder of this note may by his or her option declare all unpaid indebtedness evidenced by this note immediately due and payable."

The mortgage contained the clause, "* * * and it is stipulated that a failure to pay any of said interest or principal within thirty days after it becomes due, shall cause the whole of said sum to become due, and this mortgage may be foreclosed thereupon immediately for the whole of said money and interest."

The issue arises because the note says the holder "may" upon default declare the entire amount due while the mortgage says default "shall" cause the whole amount to become due and the mortgage "may" be foreclosed.

The trial court found and plaintiff-appellee concedes that the monthly payments which accrued more than ten years prior to the commencement of the action are barred by the statute of limitations.

The question involved on appeal is whether the action is barred by the statute of limitations because of the acceleration clause in the mortgage.

I. Section 614.1, Code of Iowa, provides:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * *

"6. Those founded on written contracts * * * within ten years."

This action was started June 9, 1964. If the provisions in the mortgage for acceleration are self-executing the entire cause is barred. If the provisions in the note making acceleration optional with the payee prevail, or if the provisions in the mortgage are not self-executing, as to acceleration, payments accruing less than 10 years prior to June 9, 1964, are not barred and the mortgage stands as security therefor.

II. Defendants-appellants argue that where the language of a contract is clear there is no room for construction. With that statement we agree. 17A C. J. S., Contracts, section 294b (1); Bruhl v. Thul, 257 Iowa 889, 893, 134 N.W.2d 571.

Here we have no dispute as to the admissibility of evidence and have no issue as to circumstances surrounding the execution of the written instruments.

III. Defendants argue that where a contract contains an acceleration clause, positive in its terms and without any

optional features in it, a default renders the entire indebtedness due and the statute of limitations runs from the time default might have been declared.

Defendants cite no Iowa authorities in support of this proposition.

This problem is discussed in an extensive annotation in 159 A. L. R. 1077. On page 1079 this appears:

"Where the acceleration clause is absolute in its terms—that is, that the note or mortgage according to its terms becomes due upon default, and does not contain any optional features—the courts are not agreed as to whether or not such provision is self-executing and causes the whole debt to become due automatically and without further action.

"According to one line of authorities, comprised of cases from a majority of jurisdictions, an absolute acceleration clause in a note or mortgage that it shall become due upon some default is not self-operative but leaves an option to the creditor whether or not to take advantage of the clause, while another line of cases holds that under such clause the entire principal of the note or the whole mortgage becomes automatically due without the necessity of a declaration of the right or an election on the part of anyone."

The cases cited by defendants are from jurisdictions listed as following the minority rule. Iowa is listed among the states following the majority rule. This rule is stated on page 1084 as follows:

"It has been held in a majority of jurisdictions that an acceleration clause absolute in form is not self-operative but leaves the option to the holder whether or not he will take advantage of the provision, and that without some action on his part to set it in motion the full amount will not become immediately due merely on the happening of a default."

In Watts v. Creighton, 85 Iowa 154, 52 N.W. 12, the mortgage provided that if payments remained unpaid for three months after due " 'then the whole indebtedness shall become due.' " The question was stated as follows:

"It must be conceded that this action is not barred by the statute of limitations, unless the provision above set forth

operated to set the statute in motion on the failure to pay interest and taxes. In other words, if the plaintiff's cause of action as to the entire indebtedness accrued, in a statutory sense, when the defendants failed to pay interest and taxes, then the bar of the statute was complete before this action was commenced. It then becomes a material inquiry as to when the cause of action arose, in view of this provision in the mortgage." (Loc. cit. 157)

On page 160 this appears:

"We have briefly reviewed the authorities touching this question, and are content with the rule that the provisions in the mortgage in the case at bar gave the plaintiff or his assignor the right, on a failure to pay taxes or interest as agreed therein, to elect to consider all the indebtedness due, and one way of evidencing such an election would have been the bringing of a suit to foreclose the mortgage. It was not incumbent on the mortgagee to take advantage of this provision for his benefit in the mortgage. * * * In the view we have taken, the action is not barred by the statute."

In Wentland v. Stewart, 236 Iowa 661, 664, 19 N.W.2d 661, 161 A. L. R. 1206, this appears:

"We are dealing here with acceleration clauses effective only at the holder's option and with their effect upon the running of the statute of limitations. Such clauses are always held to be for the creditor's benefit. Annotation 34 A. L. R. 900. This court has so held even when the clause in question was not by its terms optional. Watts v. Creighton, 85 Iowa 154, 52 N.W. 12. * * *."

Where there is a variation between a provision in the note and a corresponding provision in the mortgage an annotation in 161 A. L. R. 1227 quotes authority to the effect that the instruments should be construed together. It is also said that the provisions for acceleration were optional and the statute of limitations did not begin to run solely by the acceleration clause.

In Weinrich v. Hawley, 236 Iowa 652, 660, 19 N.W.2d 665, the note and mortgage were considered together.

IV. In Wilson v. Tolles, 210 Iowa 1218, 229 N.W. 724, there was a variation in the acceleration provisions in the note and mortgage. We said: "The note is the principal or primary contract or obligation. The mortgage is an incident. In case of

conflict, the terms of the note prevail." (Loc. cit. 1224, 1225)

See also Coffin v. Younker, 196 Iowa 1021, 1024, 195 N.W. 591, and Mowbray v. Simons, 183 Iowa 1389, 1392, 168 N.W. 217.

In the case at bar as in Wilson v. Tolles, supra, the note was the principal obligation and the mortgage was an incident thereto. By the terms of the mortgage the property described therein secured payments "according to the tenor" of the note. If paid the mortgage was to be void "otherwise in full force and effect."

██ The installments due on the note have not been paid. The installments accrued less than ten years prior to June 9, 1964, are not barred by any provision in the note.

No personal liability is claimed against any defendant but Arlene Frenzel, the present owner of the property has pledged her interest therein to the payment of the unpaid installments. The installments less than 10 years past due are not barred. The mortgaged property stands as security for the payment thereof "according to the tenor" of the note.

V. In this case we have no innocent purchaser for value involved. We note, however, that a person examining the county records would not be justified in concluding that the mortgage was barred as a lien on the property because of required payments on the note.

The mortgage was dated August 20, 1952. It was filed for record September 24, 1952. Regular monthly payments of $52.95 would not have retired an obligation of $7500 bearing 4 percent interest on the unpaid balance before this action was started.

VI. We adhere to the majority view. The note and mortgage must be considered together. If the provisions of the note and mortgage are not in accord with each other the provisions of the note control. The acceleration provision in the mortgage was not self-executing.

The action is not barred by the statute of limitations.

The trial court was right.

The case is—Affirmed.

All JUSTICES concur.