**LaVon DRIESSEN–RIEKE, Respondent,**

v.

**William STECKMAN, et al., Appellants.**

No. C6–87–172.

Court of Appeals of Minnesota.

July 14, 1987.

Frank B. Bennett, Mary C. Cade, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

John C. DeMoss, Sidney Schwartzfield, John C. DeMoss, Ltd., Minneapolis, for appellants.

Heard, considered and decided by FOLEY, P.J., and FORSBERG, and CRIPPEN, JJ.

## OPINION

FORSBERG, Judge.

Respondent was the fee simple owner of real property encumbered by a mortgage given in favor of appellants by respondent and her ex-husband in November, 1970. The mortgage was given to secure debentures from a company owned by respondent's ex-husband. Respondent moved for summary judgment requesting that the mortgage be removed as a lien upon her property based upon the running of the statute of limitations on mortgage foreclosures, Minn.Stat. § 541.03. Appellants cross-moved for summary judgment asking the court to find that the statutory period did not begin to run until January 1, 1974, the original maturity date of the underlying debt. The court granted respondent's motion for summary judgment. We affirm.

## FACTS

On December 30, 1968, Richard Thompson executed two $10,000 debentures on behalf of his company, Universal Graphics, in favor of appellant Hedlund. The debentures were due January 1, 1974, but contained a clause which provided that the holder could call them due upon 90 days' written notice and the total amount including interest would become due. Subsequently, the debentures were called due by appellants and Universal Graphics defaulted.

On November 27, 1970, Thompson entered into a written agreement with appellants concerning the debentures. That agreement acknowledged the call on the debentures, but provided a 45–day forbearance from collection in consideration of a mortgage on the Thompson home given in favor of appellants by Thompson and respondent, his wife.

The mortgage on the Thompson residence provided:

> That if certain Convertible Debentures due January 1, 1974 in total principal sum of $20,000 with accrued interest of Universal Graphics Corporation presently held by mortgagees are paid within forty-five (45) days hereof pursuant to call of said debentures ... then this deed to be null and void....

The debt was not paid and the property remained encumbered.

Respondent was divorced from Richard Thompson in 1973 but remained in possession of the encumbered residence. In March of 1986, she brought an action requesting a judgment determining that appellants had no interest in or lien upon the property. Both appellants and respondent moved for summary judgment in their favor agreeing that the facts were undisputed and that the only issue for resolution was whether Minn.Stat. § 541.03, the statute of limitations on mortgage foreclosure actions, precluded appellants from foreclosing on the mortgage. The trial court granted respondent's motion for summary judgment and ordered the Registrar of Titles to remove the mortgage as a lien upon the property. This appeal followed.

## ISSUE

Did the trial court err in finding the statute of limitations had run on appellants' mortgage foreclosure action?

## ANALYSIS

The statute of limitations for mortgage foreclosures provides as follows:

> Subd. 1. No action or proceeding to foreclose a real estate mortgage, whether by action or advertisement or other-

wise, shall be maintained unless commenced within 15 years from the maturity of the whole debt secured by the mortgage. * * *

Subd. 2. The time within which any such action or proceeding may be commenced shall begin to run from the date of such mortgage, unless the time of the maturity of the debt or obligation secured by such mortgage shall be clearly stated in such mortgage. * * *

Minn.Stat. § 541.03, subds. 1 and 2 (1986).

The trial court found that because the maturity date on the underlying debt had been advanced by the call on the debentures, and had passed by the time of the mortgage, the statute of limitations began to run from the date of the mortgage plus the 45–day grace period provided therein. Appellants argue the trial court erred since the call on the debentures did not serve to accelerate the maturity date of the debt secured by the mortgage because (a) the maturity date was clearly stated on the mortgage itself, (b) appellants waived their option to accelerate by taking the mortgage, and (c) the acceleration clause in the mortgage was insufficient in itself to foreclose the mortgage.

A. Applicability of § 541.03, subd. (2).

Appellants agree that "15 years from the maturity of the whole debt secured by the mortgage" as stated in § 541.03, subd. 1, would be at the maturity of the debentures. However, appellants contend that subdivision (2) of the statute applies here, and the call on the debentures did not serve to accelerate the maturity date of the debt secured by the mortgage because the maturity date was clearly stated in the mortgage to be January 1, 1974.

■ Appellants' argument is an attempt to separate "Jan. 1, 1974" from other language in the mortgage so as to distort its meaning. The mortgage states that if debentures due January 1, 1974 "are paid within forty-five (45) days hereof *pursuant to call of said debentures* ... then this deed be null and void." It is clear from the face of the mortgage that the debentures, formerly due on January 1, 1974, had been

called and were now due 45 days from the date of the mortgage. The mortgage was dated simply "Nov. 1970." Taking November 30 as the last possible date of execution of the mortgage, as the trial court did, the maturity date of the debentures was January 15, 1971, and the statute of limitations barred foreclosure proceedings after January 15, 1986.

B. Waiver of call on debentures.

Appellants argue that the trial court erred in reasoning that the call on debentures matured the debt secured by the mortgage. Appellants contend the agreement to exercise forbearance after the call on the debentures was a revocation and withdrawal of their option to accelerate maturity of the debentures by the call. Appellants cite authorities stating that an option to accelerate, once exercised, does not preclude subsequent waiver of the option. The question here, however, is not whether appellants had the right to waive their option to accelerate once it was exercised. Clearly they had such a right. The question, rather, is whether appellants actually waived their option to accelerate by agreeing to forbear for 45 days.

Waiver is the intentional relinquishment of a known right. *Har-Mar, Inc. v. Thorsen and Thorshov, Inc.*, 300 Minn. 149, 157, 218 N.W.2d 751, 756 (1974). Appellants cite two cases from other jurisdictions in support of the argument that there was a waiver in this case. Respondent correctly points out the inapplicability of those cases to the present situation, since in both cases the courts interpreted affirmative actions by the plaintiffs as waiver of the option to accelerate payment of the debt. *Denbina v. City of Hurst*, 516 S.W.2d 460 (Tex.Civ.App.1974) (voluntarily taking a nonsuit on a claim accelerating maturity of the debt); *California Savings and Loan Society v. Culver*, 127 Cal. 107, 59 P. 292 (1899) (agreeing to dismiss the suit brought to recover the full amount due and accept only interest payments due).

■ The only affirmative action on the part of appellants in this case was to extend the time for payment in full for 45

days in return for a mortgage on respondent's house. Only a strained interpretation of this action would equate it as a waiver of the formerly exercised option to accelerate the call on debentures, particularly since the language of the forbearance itself states the debentures have been called and are considered by appellants to be due. Appellants' construction of the 45–day forbearance as a waiver of the original call on the debentures is a weak attempt to change the obvious meaning of the language they used in the 1970 agreement so as to avoid the running of the limitations period. Clearly what was intended was not a waiver of the right to call the debt due in full, but to extend a 45–day grace period, contingent on the granting of a mortgage in appellants' favor to secure payment.

C. Acceleration clause in the mortgage.

Appellants contend the statutory time period did not begin to run until January 1, 1974, because the "acceleration clause" in the mortgage failed to operate to foreclose the mortgage and begin the running of the statutory time period. The claimed acceleration clause is the same clause referred to above, in which appellants purportedly waived acceleration of the debt. Appellants maintain this provision in the mortgage was an acceleration clause which was never executed because appellants took no affirmative action to have it enforced. Appellants cite numerous cases to support their argument that acceleration clauses are not automatic upon default, but require some affirmative action on the part of the creditor before the full amount becomes due. *See Honn v. National Computer Systems, Inc.,* 311 N.W.2d 1, 3 (Minn.1981) (option is not self-executing to creditor's detriment with respect to running of statute of limitations). However, the provision referred to in the mortgage here is *not* an acceleration clause. An acceleration clause is a clause in a mortgage or other credit agreement which allows a lender the opportunity to call monies due under the instrument. *Blacks Law Dictionary* 12 (5th ed. 1979). Such a clause operates when there has

been a default such as nonpayment. *See Frenzel v. Frenzel,* 260 Iowa 1076, 152 N.W.2d 157, 159 (1967).

The clause in question here does not give appellants an option to call the debt due. Rather, the clause states that the debt is already due, and gives respondent an additional 45 days to pay in order to cancel the deed. The only acceleration clause in this case was in the debentures, and it is undisputed that the maturity date on the underlying debt was advanced by the call and had passed by the time of the mortgage. Therefore, authorities cited by appellants on this issue are inapplicable to the case at hand.

### DECISION

The trial court was correct that from a clear reading of the mortgage agreement and Minn.Stat. § 541.03, the time for appellants' foreclosure action had run.

Affirmed,