**STATE of Iowa ex rel. Judith A. WARREN, Appellant,**

v.

**Steven M. MAHAN, Appellee, Cross-Appellant.**

**No. 67654.**

Supreme Court of Iowa.

Feb. 16, 1983.

Douglas L. Tindal, Asst. Washington County Atty., for appellant.

James F. Elliott, Robert M. Sherman and Robert R. Lang, of Legal Services Corp. of Iowa, Ottumwa, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and CARTER, JJ.

CARTER, Justice.

The State, acting on behalf of a mother who receives public assistance, filed a petition under the Uniform Support of Dependents Law, Iowa Code chapter 252A, seeking a determination of paternity and an award of support. The petition was captioned "State of Iowa ex rel. Judith A. Warren, petitioner, vs. Steven M. Mahan, respondent." The petition stated that Judith Warren had never been married to Steven Mahan but that he was the father of her minor child. She requested that respondent be ordered to contribute to the support of "petitioner and said child." The respondent filed a motion for summary judgment, asserting that the action was not brought on behalf of a dependent who was entitled to relief under the provisions of chapter 252A.

The trial court concluded that under the statutory definition of "dependent," only the minor child was entitled to enforce a right of support. The court did not dismiss the action. Instead, it was ordered that "counsel for petitioner shall add the minor child as a petitioner." Instead of complying with this directive, the assistant county attorney who was counsel of record in the action sought and was granted an interlocutory appeal. Respondent also has been granted permission to appeal with respect to the issue of whether the trial court erred in not dismissing the action.

In seeking reversal of the trial court's order, petitioner suggests that it is a standard and much-followed practice in proceedings under chapter 252A involving paternity and child support to commence the actions in the name of the custodial parent of the minor child whose support is at issue. It is asserted that hundreds of cases annually are commenced in this manner "without apparent problems." Even if we assume that this is so in cases where the practice has not been challenged, we cannot agree that this circumstance allows us to misapply applicable legislative directives in those cases where a party to the action asks that the proper procedure be invoked.

For purposes of resolving the issue, we examine the statutory language in chapter 252A to discern legislative intent. It is stated that the purpose of the act is to "secure support ... for dependent spouses, children and poor relatives from persons legally responsible for their support." Iowa Code § 252A.1 (1981). Where paternity is at issue, chapter 252A may be used to determine that issue. *Greenstreet v. Clark,* 239 N.W.2d 143, 147 (Iowa 1976).

■ Section 252A.6(1) provides that an action under chapter 252A is commenced by either a "petitioner" or "petitioner's representative" who files a verified petition in a court of equity, alleging that the "petitioner" is in need of support, and is entitled to support from the respondent who is named in the petition. A "petitioner" is defined in section 252A.2(5) as "each dependent person for whom support is sought," and a "peti-

tioner's representative" is defined in section 252A.2(7) to include: a "county attorney, state's attorney ... and any other public officer ... charged by law with the duty of instituting, maintaining or prosecuting a proceeding under [chapter 252A]." A "dependent" includes "a spouse, child, mother, father, grandparent or grandchild who is in need of and entitled to support" from the respondent. Iowa Code § 252A.2(4). Because the dependent child's mother in the present case does not qualify as a "dependent" within the foregoing definition, we believe that it necessarily follows that she may not be a petitioner.

The petition in the present case seeks to recover support on behalf of "petitioner [who is named as Judith Warren] and said child." While the child is a dependent whose right of support may be adjudicated in the action, Judith Warren is not. The trial court's order partially sustaining the motion for summary judgment properly eliminated any claim to support that she is asserting in her own behalf. Contrary to the appellant's contention, the issue presented involves proper designation of the person whose right of support is being adjudicated rather than the party to whom the payment will ultimately be made. Directions, if any, by the court as to whom the payment of any judgment shall be disbursed is governed by section 252A.6(12), but any determination of that question at this time would be premature.

■ On respondent's cross-appeal, it is urged that the trial court erred in permitting the petition to be amended so as to name the minor child as a petitioner. We disagree. The petition as originally drawn clearly indicated that the child's right of support is an issue in the case. The amendment which was permitted only serves to limit the claim to one seeking enforcement of such support as is owed a "dependent" under section 252A.2(4). We believe that such amendment was properly permitted as an alternative to dismissal. It closely resembles the procedure which we approved in *Moody v. Christiansen,* 306 N.W.2d 775, 777 (Iowa 1981).

We find no basis for reversal on either appeal. The trial court's orders are affirmed, and the cause is remanded for further proceedings in the district court. Petitioner shall have ten days following the issuance of the procedendo within which to amend the petition as directed by the trial court's order of November 18, 1981.

AFFIRMED AND REMANDED.