STATE of Iowa ex rel. IOWA DEPART-
MENT OF HUMAN SERVICES and
Chris Lankford, on Behalf of Chad
Alan Lankford, Minor Child, Appel-
lants,

v.

Brian MUNDIE, Appellee.

No. 88–259.

Supreme Court of Iowa.

Feb. 22, 1989.

Thomas J. Miller, Atty. Gen., Gordon E.
Allen, Deputy Atty. Gen., Mark Haver-
camp, Asst. Atty. Gen., and Gail A. Sheri-
dan, Asst. Co. Atty., for appellants.

C. Joseph Coleman, Jr. of Mitchell, Cole-
man, Perkins & Enke, P.C., Fort Dodge,
for appellee.

Considered by McGIVERIN, C.J., and
LAVORATO, NEUMAN, SNELL and
ANDREASEN, JJ.

SNELL, Justice.

The State, on behalf of fifteen-year-old
Chad Alan Lankford, appeals the district
court's decision to dismiss this action
brought under Iowa Code chapter 252A to
prove the paternity of and recover child
support from the respondent, Brian Mun-
die. The court determined this claim was
barred by application of res judicata. We
affirm.

Chad was born to Christine Lankford on
June 17, 1973. On December 12, 1979, a
petition for Chad's support was filed pursu-
ant to chapter 252A against Mundie. This
action was dismissed on March 24, 1980,
due to the district court's belief the five-
year statute of limitations provided by
Iowa Code section 614.1(4) was applicable
and had not been met. This dismissal was
not appealed.

On March 18, 1981, we held in *Stearns v.
Kean*, 303 N.W.2d 408, 413 (Iowa 1981),
that the time for bringing a chapter 252A
action for a child was extended by opera-
tion of section 614.8, which provided that
minors "shall have one year from and after
termination" of their minority to commence
such actions. We also concluded this ex-
tension applied to the county that brought
the action on behalf of the child. *Id.*

In light of *Stearns,* the State brought
this action on January 14, 1987. Upon a
motion for adjudication of law points, Iowa
R.Civ.P. 105, the district court concluded
the unappealed dismissal of the prior action
barred this action under the doctrine of
claim preclusion and that dismissal was
therefore required.

The law in this area is well settled:

 Res judicata as claim preclusion ap-
 plies when a litigant has brought an ac-
 tion, an adjudication has occurred, and
 the litigant is thereafter foreclosed from

further litigation on the claim. An adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination. A party must litigate all matters growing out of its claim at one time rather than in separate actions.

*Israel v. Farmers Mut. Ins. Ass'n,* 339 N.W.2d 143, 146 (Iowa 1983) (citations omitted).

 Applying these principles, we are convinced an "adjudication" did occur in the prior action. Iowa Rule of Civil Procedure 217 provides:

All dismissals not governed by R.C.P. 215 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise.

On the basis of this rule, we have noted "dismissals without an actual trial can be the basis of a plea of res judicata." *Jordan v. Stuart Creamery, Inc.,* 258 Iowa 1, 4, 137 N.W.2d 259, 261 (1965). For example, where an action was dismissed for failure to file the petition by the date given in the original notice, and where the ruling did not specify whether the dismissal was with prejudice, we held the dismissal was on the merits and res judicata applied to bar the claim from being brought again. *Credit Indus. Corp. v. Miller,* 255 Iowa 1022, 1027, 125 N.W.2d 142, 144 (1963). Similarly, where an action is voluntarily dismissed with prejudice, the dismissal operates as an adjudication on the merits and res judicata will apply if the other elements of the doctrine are present. *Bloom v. Steeve,* 165 N.W.2d 825, 827 (Iowa 1969). *See also Juneau Square Corp. v. First Wis. Bank,* 122 Wis.2d 673, 686–87, 364 N.W.2d 164, 171 (App.1985) (dismissal for failure to state a claim is a judgment on the merits).

We are also convinced this action is between the same parties and on the same claim, to the extent of determining paternity and recovering support due on March 24, 1980, as the prior action. The State contends it is significant the caption in the prior action identified the petitioner as "State of Iowa ex rel. Chris Lankford," whereas the petitioner in this action is identified as "State of Iowa ex rel. Iowa Department of Human Services and Chris Lankford, on behalf of Chad Alan Lankford." We disagree.

In *State ex rel. Warren v. Mahan,* 329 N.W.2d 673, 674–75 (Iowa 1983), we upheld a trial court order requiring a chapter 252A petition to be amended so as to name the minor child as a petitioner. This order was made in lieu of improperly allowing the child's mother to proceed as the petitioner or, alternatively, dismissing the case. We concluded the amendment was appropriate since the petition clearly indicated the child's right of support was an issue in the case. *Id.* at 674.

Similarly, in this case the prior action was clearly brought to recover support on behalf of Chad. Even if it had been noticed, the mistake in the caption would have merely required an amendment, not that a new action be brought in Chad's name. Under these circumstances, we agree with the district court's conclusion that there was privity of identity between the parties listed as petitioner in the two actions.

Additionally, there is no dispute the issue of paternity was raised by the prior action as well as this action. As we have determined an adjudication adverse to the petitioners occurred on this issue in the prior action, we conclude the State was properly barred from relitigating it. The effect of this bar is to preclude this and future support claims that otherwise arguably would be allowed under Iowa law, since a finding of paternity is a prerequisite for recovering support from a putative father.

The State's final contention on appeal is that this application of res judicata violates equal protection by discriminating against children born out of wedlock. This challenge is apparently to the presumption of paternity afforded children born in wedlock. *See* Iowa Code §§ 252A.3(4)–(7) (1987). In this context, we find the State's contention to be without merit. The principles of res judicata apply identically to children who have had the issue of paternity adjudicated adversely to them in a prior

action, regardless of whether they were born in wedlock. The issue of whether the presumption offends equal protection by requiring children born out of wedlock to shoulder a greater burden of proof than children born in wedlock could have been brought in the prior action; it is not properly before us now.

AFFIRMED.