590 N.W.2d 284 (1998)
In the Interest of L.F. and T.F., Minor Children,
D.F., Father, Appellant, and
L.F., Mother, Appellant.
No. 98-0415.
Court of Appeals of Iowa.
December 28, 1998.
Daniel P. Kitchen of Tindal, Erdahl, Goddard & Nestor, P.L.C, for appellant father.
Steven B. Carter, Washington, for appellant mother.
Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Barbara A. Edmondson, County Attorney, for appellee State.
Janice M. Becker of McMurray and Becker, Coralville, for minor children.
Heard by STREIT, P.J., and VOGEL and MAHAN, JJ.
*285 STREIT, P.J.
Parents of two boys appeal contending dismissal of a juvenile court's temporary order "vacating" the father from the family home precluded the State from bringing an action to remove his children and a CINA petition. The parents also appeal from the juvenile court's finding the children were in need of assistance and other dispositional orders. After a de novo review, we affirm on all issues.

I. Procedural Background & Facts.
Dennis and Linda are the parents of Lee, born in 1983, and Todd, born in 1987. On February 17, 1997, the State filed an application pursuant to Iowa Code sections 232.78,.82, and .95, to have Dennis removed from the family home for sexually abusing his son, Todd. The order was granted.
On February 21, 1997, Dennis filed a motion to dismiss citing the State's failure to file a children in need of assistance (CINA) petition within three days of entry of the order. The court dismissed the State's action and dissolved the no-contact order and the order to vacate the residence.
The State immediately filed an application for emergency removal of the children from the home and a CINA petition. Both parents moved to dismiss the removal and CINA actions based on res judicata principles. The court denied their request finding the dismissal in the first case did not act as an adjudication of issues raised in the second. The children were subsequently adjudicated CINA and placed in foster care. The parents appeal.

II. Denial of Motion to Dismiss Based on Res Judicata.
The parents appeal the court's denial of their motion to dismiss the application for removal of the children from the home and the CINA petition. We review the denial of motions to dismiss for errors at law. Dennis v. Christianson, 482 N.W.2d 448, 450 (Iowa 1992).
The parents contend dismissal of the temporary order "vacating" the father from the home precludes the State from bringing a subsequent removal application in regard to the children and a CINA petition under Iowa Rule of Civil Procedure 217 and the doctrine of res judicata.
Iowa Rule of Civil Procedure 217 (1998) states: "All dismissals not governed by R.C.P. 215 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise."
On the basis of this rule, our supreme court has noted "dismissals without an actual trial can be the basis of a plea of res judicata." State ex rel. v. Mundie, 436 N.W.2d 60, 61 (Iowa 1989). However, before res judicata applies, the court must determine whether adjudication of the present action occurred in the prior action. Id.
Res judicata as claim preclusion applies when a litigant has brought an action, an adjudication has occurred, and the litigant is thereafter foreclosed from further litigation on the claim. An adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination.
Id. (emphasis added).
Tempering this well-settled principal, however, is the caveat that one is not barred by res judicata until he has had "full legal opportunity for an investigation and determination" of the matter. Third Missionary Baptist Church v. Garrett, 158 N.W.2d 771, 774-75 (Iowa 1968). When a temporary order is dissolved in an initial action but the court does not reach, consider, or adjudicate the remedy sought in a second action, res judicata does not apply. See id.
Applying these principles, we determine dismissal of the first action, an application to vacate the father from the home, did not reach, consider, or adjudicate the remedy sought by the State in the second action, removal of the children from the home and an adjudication of children in need of assistance. This is not a case like Mundie where the mother brought a paternity action pursuant to 252A, which was dismissed and unappealed, and again pursuant to 252A. In Mundie *286 the issues to be litigated were identical. Here, they were not. This case is more comparable to Third Missionary Baptist where the dismissal of a temporary injunction did not preclude litigation on the merits of the action in a second proceeding. See Third Missionary Baptist, 158 N.W.2d at 774-75. The trial court properly denied the parents' motion to dismiss on the grounds of res judicata.

III. Adjudication as Children in Need of Assistance.
The parents appeal the court's determination the children are in need of assistance pursuant to Iowa Code section 232.2(6)(b), (c), and (f). Those sections state:
6. Child in need of assistance means an unmarried child:
b. Whose parent, guardian, other custodian, or other member of the household in which the child resides has physically abused or neglected the child, or is imminently likely to abuse or neglect the child.
c. Who has suffered or is imminently likely to suffer harmful effects as a result of either of the following:
(1) Mental injury caused by the acts of the child's parent, guardian, or custodian.
(2) The failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child.
. . .
f. Who is in need of treatment to cure or alleviate serious mental illness or disorder, or emotional damage as evidenced by severe anxiety, depression, withdrawal or untoward aggressive behavior toward self or others and whose parent, guardian, or custodian is unwilling or unable to provide such treatment.
Iowa Code (1997).
We review a juvenile court's finding of a child in need of assistance de novo. In re L.K.S., 451 N.W.2d 819, 821 (Iowa 1990). After de novo review, we affirm the juvenile court's finding the children are in need of assistance pursuant to Iowa Code sections 232.2(6)(b), (c), and (f).
Todd has been physically neglected and it is imminently likely Lee could be as well. On September 18, 1996, Todd received a cut to his head that required stitches. An ambulance came to the scene, but needed a parent to authorize medical treatment. Linda was upset, incoherent, and unable to do so. Dennis would not come out of the house to speak to the ambulance personnel. Only after police involvement and a threat that he would be arrested if he did not come out of the house did Dennis deal with the situation. Dennis refused to pay the ambulance or take his son to the hospital, stating he was tired and needed to get some sleep. Dennis did not think the cut required emergency treatment. The record belies this notion. Neither of the parents displayed minimal competence in this situation.
Both boys suffer from mental injury inflicted by Dennis. The home is one of confusion, stress, and fear. Both boys are afraid of their father. Dennis calls the boys names, makes inappropriate sexual comments in front of them, and has used physical violence for discipline. Dennis has recommended Lee take a knife to school to settle conflict with peers.
Much of the abuse comes from the father's use of intimidation and emotional abuse to gain control in the family. He does so by setting up a series of rules his family must follow. For example, rather than using toilet paper, Dennis requires his family to share a cloth diaper to clean themselves after defecating.
Dennis's treatment of Lee has resulted in Lee being provided with psychiatric services since 1991. Lee's treatment has always been at the behest of a school counselor, psychologist, or social worker. The parents have never been the catalyst of psychiatric treatment for Lee. Rather, Dennis believes Lee goes to the psychiatric ward to have fun. His psychiatric problems have become progressively more severe, and he currently has suicidal ideations.
Under these circumstances, we affirm the juvenile court's finding of the children as in need of assistance under Iowa Code sections 232.2(6)(b),(c), and (f).
*287 The parents have challenged the dispositional orders of the court, among them, that Dennis attend a sexual offender evaluation and the children be placed in foster care.
The record of the sexual behavior of this family is disturbing. Todd has made allegations Dennis has fondled his genitals and that he has "sucked" Dennis's penis. Linda has reported Todd screams and yells if she tries to leave him alone with Dennis. Linda is afraid if she does not give sex to Dennis he will go to the boys for sex. Linda has reported when Todd is in the bath, Dennis will go into the bathroom and lock the door and not allow Linda to enter. Dennis tells her he is checking Todd's water. Todd has asked Linda why she doesn't have sex with him and why Linda gets to sleep with his dad when Todd does not.
These circumstances justify Dennis's evaluation as a sex offender and the record as a whole supports the continuing placement of the children in foster care.
After de novo review of the record, we affirm all the dispositional orders of the court.
AFFIRMED.