# IN THE COURT OF APPEALS OF IOWA

No. 18-0835
Filed August 15, 2018

IN THE INTEREST OF H.B. and L.G.,
Minor Children,

B.M., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Emily K. DeRonde of DeRonde Law Firm, PLLC, Johnston, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Charles E. Isaacson of Charles Isaacson Law PC, Des Moines, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her children, born in 2012 and 2014.[1]

## I.     *Background Facts and Proceedings*

Our de novo review of the record reveals the following facts.  The State applied for an order temporarily removing the children from the mother's custody based on reports she was "using methamphetamine," had an "extensive drug history" and history of mental illness,  could not be located, left the children with others, and failed to communicate with the caretakers.  The district court granted the application.  Following a hearing, the court found that the mother left the children for "approximately a month," was reportedly homeless, had her parental rights to another child terminated in 2005, and was physically abused by the father of one of the children in the children's presence.  Temporary custody of the children was placed with grandparents, under department of human services supervision.

In time, the district court ordered the children to be returned to their mother's custody.  Before the scheduled transfer date, a service provider who picked the children up from a visit smelled smoke on them.  The mother was asked to submit to a drug test.  She failed to appear.  A later test administered during a court proceeding was positive for marijuana.  The State asked the court to keep the children in their current placements. The court granted the request. Three months later, the court returned custody of the children to the mother, under department supervision.

---

[1] The district court also terminated the parental rights of the fathers of each of the children. They have not appealed.

The district court left custody with the mother despite "significant concerns with [the] placement." A department report supported the concerns. The social worker assigned to the case stated the mother "teetered between w[he]ther she can provide minimally adequate care and inadequate care." She articulated her firm belief that if the case were "to remain open another 3 months," all concerned would "be in the exact same place as we are today."

Her prediction came true. The department received reports of drug use and domestic violence in the home, and the mother refused to participate in court-ordered drug screens.

The State moved to modify the placement. The district court granted the motion, and the children were removed from the mother's care. The younger child was placed in the custody of her paternal grandparents. The older child was placed in the custody of her paternal grandmother.[2]

The court also waived the department's obligation to make reasonable efforts toward reunification of the mother and children. The court reasoned that it had "tried repeatedly to get out of the Mother's life with children in her custody, and she ultimately proved to have put the children in imminent danger of health and life due to the persons to whom she exposed the children, the conditions under which she had the children."

The State filed a petition to terminate the mother's parental rights, citing several statutory grounds for termination. Following a hearing, the district court granted the petition on a single ground, Iowa Code section 232.116(1)(d) (2017),

---

[2] Several orders indicate the older child was placed in the custody of her maternal grandmother. This appears to be an inadvertent error.

which requires a showing of physical or sexual abuse or neglect. The district court stated it was "not going to rule on the State's other statutory grounds."

The mother appealed. We reversed the termination decision after concluding "the State failed to satisfy its burden of proving termination under section 232.116(1)(d)." *In re H. B.*, No.17-1684, 2017 WL 6514009, at *3 (Iowa Ct. App. Dec. 20, 2017).

After our opinion was filed, the district court ruled its "previous permanency ruling" keeping "both children with their respective relative placements (paternal grandparents) as pre-adoptive homes" was not disturbed by our court's opinion. The court further considered "the State's termination petition against the Mother to be sufficiently noticed" and "still pending."

The mother moved to dismiss the termination petition. She asserted that this court's opinion resolved all the grounds for termination contained in the State's termination petition. The district court denied the motion, reasoning the original termination order was based on a single statutory code provision and contained an express disclaimer of an intent to rule on the other provisions. Following a second termination hearing, the court granted the termination petition under section 232.116(1)(g) (failure to respond to services) as to both children and section 232.116(1)(h) (child three or younger who cannot be returned to parent's custody) as to the younger child.

On appeal, the mother contends (A) the district court should have granted her motion to dismiss the termination petition, (B) the record lacks clear and convincing evidence to support the grounds for termination cited by the district court, (C) the district court should not have waived the reasonable efforts

requirement, (D) termination is not in the children's best interests, and (E) termination would be detrimental to the children given the closeness of the parent-child bond.

## II. Analysis

### A. Dismissal Motion

The mother asserts the original termination petition "died" as a result of our opinion, the case should have returned to the district court for a permanency review hearing, and, if the court believed a termination petition needed to be filed, it could have "re-directed the State to file a new termination petition." Our review of the district court's refusal to grant the mother's motion to dismiss is for errors of law. *See In re L.F.*, 590 N.W.2d 284, 285 (Iowa Ct. App. 1998).

The district court originally granted the State's termination petition under a single statutory provision. We reversed the court's decision on that statutory provision. As the district court correctly pointed out, the pre-termination proceedings remained intact, as did the statutory grounds for termination not addressed by the court following the first termination hearing. The State was free to rely on those statutory grounds for termination. Under the particular circumstances of this case, we discern no error in the court's denial of the mother's dismissal motion.

### B. Grounds for Termination

We may affirm if we find clear and convincing evidence to support any of the grounds for termination cited by the district court. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). We will focus on section 232.116(1)(g), which requires proof (1) the child was adjudicated in need of assistance; (2) the district court

terminated parental rights to another child "who is a member of the same family"; (3) "[t]here is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation"; and (4) "[t]here is clear and convincing evidence that an additional period of rehabilitation would not correct the situation." The mother challenges the evidence supporting the second, third, and fourth elements.

The mother contends the second element was not proven because, although the two children who are named in this proceeding "share the same mother" with the child involved in the 2005 termination proceeding, "they were certainly not of the same family." This court summarily rejected similar arguments in *In re C.W.*, 522 N.W.2d 113, 116 (Iowa Ct. App. 1994) and *In re A.T.*, No. 06-0562, 2006 WL 1896328, at *2 (Iowa Ct. App. July 12, 2006). The fact the children shared the same mother is dispositive. The second element of section 232.116(1)(g) was satisfied.

We turn to the third element—whether the mother had the ability or willingness to respond to services that would correct the situation. A service provider acknowledged the mother had "good participation in her treatment" and was "open with staff" when "issues or concerns" were raised." But he reported, "Throughout [the mother's] enrollment in individual and group therapy she's vacillated between compliance and passive resistance to help." The mental-health therapist who provided individual psychotherapy found the mother made "little progress" in the six weeks he worked with her. He stated the mother "demonstrated difficulty with impulse control" and [w]ithout significant change," she was "at a high risk for risky behavior and continued substance abuse." The

department social worker assigned to the case agreed with these assessments. She testified the children were "unsure whether [the mother is] going to be available for them emotionally and physically." On our de novo review, we conclude the mother lacked the ability or willingness to respond to services that would correct the situation.

Finally, we are not persuaded an additional period of rehabilitation would correct the situation. The case was opened in 2015. After two years of reunification services, the mother was not in a position to have the children returned to her custody. We conclude the State proved the elements of section 232.116(1)(g) by clear and convincing evidence.

### C.      *Aggravating Circumstances*

The department has an obligation to make reasonable efforts toward reunification. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The obligation may be waived on a showing of aggravating circumstances. Iowa Code § 232.102(14).

As noted, the district court found aggravating circumstances. The mother contends there was no basis for this finding. On our de novo review, we disagree.

Section 232.102(14)(c) authorizes a finding of aggravating circumstances under several circumstances, including if

> the parent's parental rights have been terminated under section 232.116 . . . and there is clear and convincing evidence to show that the offer or receipt of services would not be likely within a reasonable period of time to correct the conditions which led to the child's removal.

The fact of the prior termination was undisputed. Moreover, the court waived the reasonable-efforts requirement only after finding reunification was attempted repeatedly, without success. Finally, it is worth noting that service providers

continued to assist the mother after the waiver order was filed. We conclude the record contains clear and convincing evidence to support a finding of aggravating circumstances, and we affirm the finding and the district court's waiver of the reasonable-efforts requirement.

### D. Best Interests

The mother contends termination is not in the children's best interests. *See In re P.L.*, 778 N.W.2d 33, 39-40 (Iowa 2010). We disagree. Text messages from the mother to others reveal her fragile mental state around the time of the termination hearing and her inability to protect herself from harm. Those messages together with the comments of her individual psychotherapist reveal she was not in a position to ensure the safety of her children. We conclude termination is in the children's best interests.

### E. Exception to Termination

A court may decline to terminate parental rights based on the closeness of the parent-child bond. *See id.* at 41. There is no question there was a bond. Both grandmothers attempted to maintain it by informally allowing the mother to visit the children, with the department's tacit approval. The mother inconsistently availed herself of the opportunity. Both children struggled with the mother's lack of consistency. The grandmother who was caring for the older child testified the child "does miss mom." Under these circumstances, we conclude the district court appropriately declined to invoke the exception to termination based on the closeness of the parent-child bond.

We affirm the termination of the mother's parental rights to these children.

**AFFIRMED.**