## THE COUNTY OF DUBUQUE FOR THE USE OF THE SCHOOL FUND v. KOCH.

1. Promissory note: MERGER. A proceeding and decree to foreclose a mortgage against the principal maker of a note, the sureties not being parties, does not merge the note as to the sureties, unless an amount sufficient to pay the same is realized by the foreclosure. A separate action may be maintained against one of the sureties for the balance remaining unpaid.

*Appeal from Dubuque District Court.*

TUESDAY, OCTOBER 18.

ONE John T. Everett as principal, one Pierce and the defendant, Koch, as sureties, executed a joint and several note to the school fund commissioner of Dubuque county, in consideration of school money loaned to the said Everett.

To secure the payment of the said note, Everett and wife at the same time (May 1st, 1857), executed a mortgage. Prior to 1862, suit was brought in equity to foreclose this mortgage against Everett, the principal, and Pierce and Koch, as sureties. All of the defendants were served except Pierce, but the suit was dismissed *without prejudice* as to Pierce and Koch, the sureties, and a judgment in foreclosure rendered against Everett alone, for the amount of the note, and a special execution ordered, and a general execution against Everett for any residue after exhausting the mortgaged estate. The present action was subsequently instituted at law against Koch alone on the note. The defense set up is, that the proceedings had in the foreclosure suit, preclude the plaintiff from bringing " an independent action on the note, against one of the sureties." The court below held against the defendant, and from the judgment holding him liable, he appeals.

*D. E. Lyon* for the appellant.

*John L. Harvey* for the appellee.

DILLON, J. — The foreclosure suit having been dismissed without prejudice as to Koch, he cannot claim that the judgment therein operates as a bar to any further proceeding, on the ground that he was a party to the action, and that the matter as to him is *res judicata*. Under our statute, the plaintiff has the right to proceed in the first instance against the sureties, or against any one of them, if he so elects. Or, he may sue the principal first, and the sureties, any or all of them, afterwards. He can, of course, have but one satisfaction. Rev. § 2764; Code of 1851, § 1681. There may be special equities or circumstances to vary this right of the creditor, but none such are shown in this case. The defendant mainly bases his defense upon § 3663 of the Revision,

1. PROMISSORY NOTE: merger.

which provides that, "If separate suits be brought on the bond or note, and on the mortgage given to secure it, the plaintiff must elect which to prosecute. The other will be discontinued at his costs." Aside from this statutory restriction, the creditor might proceed concurrently at law upon the note or bond and in equity upon the mortgage, thus harassing the same party with the trouble and expense of two actions. This, the statute intended to remedy, by allowing the debtor to compel the plaintiff to elect which action he wished to prosecute. The appellant's case is not within the statute. Neither two concurrent or successive actions were prosecuted against him. He has no good ground of complaint. The plaintiff, instead of suing the appellant first, as he might do, has obtained a decree against the principal debtor and the mortgaged estate. The appellant does not plead that the plaintiff has ever obtained payment by sale of the mortgaged property, or otherwise. By paying the debt, the appellant may be substituted to the rights of the plaintiff, and may use the decree against Everett for his indemnification. The judgment against Everett is no merger, and without payment is no satisfaction of the debt, as to the *appellant.* The view above taken, of the present case, is entirely consistent with *Wahl* v. *Phillips*, 12 Iowa, 81.

It was a question in the court below whether the "County of Dubuque" or the "Board of Supervisors" is the proper party plaintiff in such an action. Counsel have not argued that question in this court. We therefore presume that the appellant has waived it and have not examined it.

Affirmed.