L. A. ANDREW, Superintendent of Banking, Receiver, Appellee, v. J. L. BROOKS, Appellant.

No. 42458.

NOVEMBER 20, 1934.

REHEARING DENIED MARCH 18, 1935.

John J. Kintzinger, for appellant.

John K. Chalmers, for appellee.

CLAUSSEN, J.—This action was brought by the receiver to recover on a promissory note given to the bank of which he was receiver. The petition contains only allegations usual in actions of that kind. Defendant answered, admitting the execution and delivery of the note, but pleading that the note was given for the purchase price of 50 acres of growing corn with the agreement that, if any of the corn or stalks were removed from the premises by any one other than defendant, or upon his order, or if defendant was refused the right and privilege to remove the corn from the premises when he so desired, then the reasonable value of such corn was to be deducted from the amount of the note, and the note was to be in force and effect only as to the balance. The defendant also pleaded that some of the corn was sold by the bank and that defendant was denied the right to remove a part of the corn and that the value of the corn so sold and retained nearly equaled the face of the note. He offered to confess judgment in a named amount equal to the balance.

The trial court refused to permit proof of the agreement to apply the value of corn sold or detained upon the note and of the sale and detention of the corn, on objection being made that such proof was incompetent, irrelevant, and immaterial, and tended to vary, contradict, change, and alter the terms of a written instrument. The result of such refusal to admit proof was a judgment against the defendant, from which he appeals.

136

The testimony offered in evidence did not tend to vary the terms of the note. It was directed toward proof of a contemporary, independent, and consistent agreement by which certain credits were to be made upon the note upon the happening of certain contingencies. It was clearly competent for that purpose. See 22 C. J. p. 1245, section 1662 et seq., and page 1254, section 1669, where many authorities, including the cases of this court, are collected.

In this view of the situation attention need not be given to the objection that such evidence was irrelevant and immaterial, for, in view of the facts pleaded, such objections are clearly without merit. —Reversed.

ANDERSON, ALBERT, DONEGAN, and KINDIG, JJ., concur.

KINTZINGER, J., took no part.