**Earl BLOOM and Nellie Bloom, Appellees,**

**v.**

**Lyle STEEVE and John Curtis, Appellants.**

**No. 53342.**

Supreme Court of Iowa.

March 11, 1969.

Richard G. Davidson, Clarinda, for appellants.

Lee R. Watts, Corning, for appellees.

BECKER, Justice.

Plaintiffs seek judgment on a note for $7000, dated December 7, 1957, due December 7, 1967. They allege the note is past due and unpaid. The defenses consist of a general denial and a plea the principle of res judicata bars further action on the note. The trial court entered judgment for plaintiff with interest in the sum of $9799.23. We affirm.

On December 7, 1957 defendants purchased cattle, machinery and hogs from plaintiffs for $10,000. They paid $3000 in cash and gave the instant 10-year note for $7000 in payment. A week later defendants and their wives entered into a contract to purchase 330 acres of land and a herd of purebred cattle from plaintiffs. Purchase price for these items was $50,000, for the land and $20,000 for the cattle. The contract imposed certain specific duties on defendants in relation to care of the cattle and the farm. These purchases were covered by a land contract and a chattel mortgage which were each to stand as security for the entire $70,000.

In action No. 9672 brought by plaintiffs against defendants and their wives in April 1960 the plaintiffs alleged, among other things, that the $7000 note was due and owing because the security instruments, allegedly breached, were said to contain a provision allowing acceleration of all debts. Plaintiffs alleged a total indebtedness of $66,000.

Defendants filed answers in the 1960 action, counterclaimed in the action and started a separate lawsuit against plaintiffs alleging wrongful seizure and conversion of their property. This action was given the number 9689. Defendants, as plaintiffs in the second suit, sought damages in the amount of $66,000.

On June 21, 1961 a dismissal of both 1960 lawsuits was filed of record in the Adams county clerk's office. This dismissal referred to the proper court file number of each action and read: "Comes now the undersigned attorneys for the above parties who hereby dismiss, with prejudice, both the claims and counterclaims in the above entitled matters, the dismissal of one being in consideration for the dismissal of the others.

"It is further agreed by and between the parties, that as a part of this dismissal, the insurance on the farm home, where Lyle and Pat Steeve, presently reside in Adams County, and which was the subject matter of the suit entitled Bloom et al v.

Curtis, et al, be reduced to the amount of Fifteen Thousand Dollars (15,000.00)."

After the mutual dismissals defendants continued to pay plaintiffs on the contracts that were the subject of action No. 9672 and at the date of the present litigation had paid $60,501.09. Plaintiffs' evidence showed that since the earlier dismissal they credited all of defendants' payments to the contractual obligations; $875 had been credited to the interest obligations on the $7000 note before cause No. 9672 was commenced.

■ The parties agree the $7000 note referred to in No. 9672 is the same note upon which suit is brought in this action. Defendants contend the dismissal of the earlier case bars further action on the note under the res judicata doctrine.

■ I. The voluntary dismissal with prejudice of cause No. 9672 operates as an adjudication on the merits. Rule 217, Rules of Civil Procedure. Such an adjudication will sustain a plea of res judicata if the other elements of the doctrine are present. Jordon v. Stuart Creamery, Inc., 258 Iowa 1, 4, 137 N.W.2d 259, and cases cited.

■ II. To sustain a plea of res judicata the former case must involve (1) the same parties or parties in privity, (2) the same cause of action and (3) the same issues. Jordan v. Stuart Creamery, Inc., supra.

■ III. A plea of former adjudication is an affirmative defense. The burden to prove the elements of the plea is on the party asserting it. - In re Estate of Kaldenberg, 256 Iowa 388, 392, 127 N.W.2d 649.

IV. We need not consider whether cause No. 9672 and this cause involve the same parties because the issue can be decided on whether the cases defendant has pled and proved involve the same issues and the same cause of action.

The trial court properly held the defense of res judicata does not bar this suit be-cause the former case and the present case do not involve the same issues. The trial court states: " * * * in Cause No. 9672 in this court the issue involved was whether or not said note, and certain other debts owing from the defendants to the plaintiffs herein, could be declared due at the time and the payment thereof accelerated because of certain claimed defaults in payments due upon the contract involved in that action. * * *, the cause of action now before the court being the maturity of the note sued upon which was on December 7, 1967 as provided therein." Thus the issues and cause were held not to be the same.

We examine the pleadings and evidence to determine what issues were involved in the former adjudication and in this action. From our examination of the record in cause No. 9672 it appears the first issue to be determined was the claimed right to acceleration. Had that issue been decided adversely to plaintiffs the case was subject to dismissal as to all payments not yet due. This, of course, would not satisfy the indebtedness on the note but would only stand for the proposition that plaintiffs', action was premature; i. e., the debt was not due and unpaid. Here the cause involves the right to payment of principal and interest represented by a matured note.

■■ But the first matter was not adjudicated. A dismissal with prejudice was filed. What does the dismissal stand for? Unless the record of dismissal is clear enough to answer this question without further evidence it is incumbent the party who claims the defense of res judicata to show by competent extrinsic evidence what matters were determined by the voluntary dismissal. In re Estate of Richardson, 250 Iowa 275, 286, 93 N.W.2d 777, 784 states: " 'The general rule is that a person relying upon the doctrine of res judicata as to a particular issue involved in the pending case bears the burden of introducing evidence to prove that such issue was involved and actually determined in the prior action, where this does not appear from the record.

Under this view, it must clearly appear from the record in the former cause, or by proof by competent evidence consistent therewith, that the matter as to which the rule of res judicata is invoked as a bar was, in fact, necessarily adjudicated in the former action.' "

All of the evidence on the subject was produced by plaintiff and this evidence indicates plaintiffs, by their termination of the action, adjudicated only the right to accelerate and collect their claimed indebtedness in 1960.

Defendants claim otherwise: " * * *. The mutual dismissal with prejudice, reciting the mutual consideration of the two cases, was a final dismissal on the merits of all documents involved in both cases."

If this be true defendants paid over $60,000 on documents under which they had no liability; the provision in the dismissals allowing defendants to reduce the insurance would have no meaning as they would no longer have an obligation to carry insurance and defendants could and should have demanded evidence of ownership of the property purchased under the 1957 contract. All of these factors impel the conclusion the dismissal settled only the right to accelerate the due dates on the various instruments.

V. The issues are not the same nor is the cause the same. Restatement, Judgments, section 61, page 240 states: "Where a judgment is rendered in favor of the plaintiff or where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action."

█ Our own cases sustain such a test. Phoenix Fin. Corp. v. Iowa-Wisconsin Bridge Co., 237 Iowa 165, 175, 176, 20 N.W. 2d 457, 461 reads: " 'In the application of the doctrine of res judicata, if it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other. It has been said that this method is the best and most accurate test as to whether a former judgment is a bar in subsequent proceedings between the same parties, and it has even been designated as infallible.' " The test of identity of causes of action is not met for the same reasons given above in regard to identity of issues.

Defendants argue the joint dismissals partake somewhat of a contract. We agree they are some evidence of a contract and note the rule that the practical construction placed on the contract is important evidence of the intention of the parties. Hamilton v. Wosepka, 261 Iowa 299, 154 N.W.2d 164, 168, 172. Neither party acted in such a way as to give credence to the argument that the claims on the contracts and note were entirely extinguished by defendants' earlier dismissal. Their actions indicate only the right to acceleration was dismissed.

VI. Defendants argue all extrinsic evidence of interest payments on the note and the relationship of payments on the note to payments on the other obligations was inadmissible as irrelevant, violative of the parol evidence rule, self-serving testimony and the product of leading questions. Defendants introduced cause No. 9672 as a basis for their plea of res judicata. The cause involved the relationship of the note, the contract, the chattel mortgage and application of defendants' payments to those debts. Plaintiffs' extrinsic evidence to explain the relationship of these transactions was relevant.

 The parol evidence rule was not violated. In re Estate of Richardson, supra, recognizes the need for extrinsic evidence where the claimed adjudication involves several issues and the record alone does not clearly indicate just which issues were adjudicated. The note itself is not an integrated contract. It is evidence of the maker's promise to pay but this note, as in the case with most notes, does not purport to include the entire agreement between the parties. The interest notations on the reverse side of the note are not self-explanatory. Extrinsic evidence on the subject was admissible. Andrew v. Brooks, 219 Iowa 134, 257 N.W. 315, 32A C.J.S. Evidence § 1003(3), page 530.

 We do not understand defendants' complaint that the evidence was self-serving. The evidence explained the credits for interest on the note and how the money paid by defendants was credited on the other obligations due from defendants. In re Estate of Hasselstrom, 257 Iowa 1014, 1021, 1023, 135 N.W.2d 530, 535 states: "III. Defendants complain much of proponent's testimony was self serving. This is inaccurate, what a witness testifies to directly on the witness stand is not objectionable because it is self serving. It is only self serving in the sense it is helpful to the witness's cause. Self serving statements that are objectionable are extra-judicial statements of a party. Such statements are hearsay but when they come within an exception to the hearsay rule they are admissible. McCormick, Evidence Handbook, chapter 30, section 275, page 588. In 31A C.J.S. Evidence § 216, page 590, a self serving declaration is defined as follows: 'A "self serving declaration" within the rule is one made by a party in his own interest at some place and time out of court, and it does not include testimony which he gives as a witness at the trial.'" The evidence was not objectionable as self serving in the technical sense of that term.

 We agree the questions asked by plaintiffs' counsel were leading but our examination reveals no reversible error in allowing the few leading questions propounded. The trial judge has a wide discretion in this area. We do not find its discretion to have been abused. French v. Universal C. I. T. Credit Corp., 254 Iowa 1044, 1053, 1054, 120 N.W.2d 476.

VII. Finally, defendants insist "by commencement of this action (1960) the plaintiff declared the whole of said note due and payable." Frenzel v. Frenzel, 260 Iowa 1076, 152 N.W.2d 157.

We do not decide the point as applied to the circumstances of this case because acceleration does not help defendants. The statute of limitations has not run even if the note is held to have been accelerated as to maturity date. Defendant has neither pled nor proved a defense based on limitations. The point is urged in connection with the res judicata defense and is not persuasive in that context.

Affirmed.

All Justices concur.