Merton PHIPPS, Conservator for Thomas K. Phipps, Rosean Renae Phipps, Brittany Lee Phipps, and Bryan Thomas Phipps, Appellants,

v.

WINNESHIEK COUNTY, Appellee.

No. 97–1471.

Supreme Court of Iowa.

April 28, 1999.

David J. Dutton, Thomas L. Staack, Bruce L. Braley, and Chad A. Swanson of Dutton, Braun, Staack & Hellman, P.L.C., Waterloo, for appellants.

Les V. Reddick and Todd Stevenson of Kane, Norby & Reddick, Dubuque, for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

CADY, Justice.

A conservator appeals from a district court ruling dismissing his claim for damages re-

sulting from alleged misrepresentation in the settlement and dismissal of a personal injury action. We reverse the district court decision and remand for further proceedings.

## I. Background Facts & Proceedings.

Thomas and Rosean Phipps, and their two children, were injured in an automobile accident at the intersection of a highway and a county road near Decorah, Iowa. As a result, the Phipps brought a personal injury action against several defendants, including Winneshiek County. The claim against the County alleged negligence in the design and improvements made to the intersection by the County approximately six years prior to the accident.

During pretrial discovery, the attorney representing the Phipps deposed the county engineer. The engineer was questioned about the plans used by the County in making the improvements to the intersection. The engineer testified that to the best of his knowledge the intersection was reconstructed according to the plans. However, the engineer subsequently inspected the intersection and discovered the location of the traffic island deviated from the plans by five feet and was smaller in size than the plans specified. Despite this discovery, neither the engineer nor county officials informed the Phipps about the inaccuracy.

The Phipps ultimately settled their claims with the County. Under the settlement, the Phipps agreed to dismiss their cause of action against the County in exchange for $125,000. A dismissal with prejudice was subsequently filed and the settlement funds were distributed.

While pursuing the lawsuit against the remaining defendants, the Phipps became convinced the deposition testimony by the engineer was false. Their conservator then initiated this suit against the County for fraudulent misrepresentation, negligent misrepresentation, and fraudulent nondisclosure. The petition sought damages based on the difference between the settlement that would have been received from the

County without the false deposition statements and the amount of the actual settlement.

The County responded to the petition by filing a motion to dismiss. It claimed the settlement and dismissal of the prior personal injury accident barred relitigation of the claim for damages. It asserted the Phipps' only remedy was to vacate the prior adjudication.

The district court dismissed the petition. It reasoned intrinsic fraud should not be available as a basis for an independent action for fraudulent settlement and dismissal of a lawsuit when the same grounds are not recognized to vacate the prior judgment.

On appeal the Phipps claim the district court erred by dismissing the action for damages against the County for fraudulent misrepresentation in obtaining the settlement. They maintain the contract principle of election of remedies should be applied to permit them to affirm the settlement and pursue an independent claim for damages based upon the intrinsic fraud.[1]

## II. Standard of Review.

■ We review the district court's decision on a motion to dismiss for correction of errors of law. *Crookham v. Riley*, 584 N.W.2d 258, 264 (Iowa 1998); Iowa R.App. P. 4.

## III. Remedy for Fraudulently Obtained Dismissal.

■ Iowa has followed the long-standing rule that when a contract is procured by fraud by one party, the defrauded party may elect to rescind the contract or affirm it and pursue an independent claim for damages. *Test v. Heaberlin*, 254 Iowa 521, 524–25, 118 N.W.2d 73, 75 (1962). The rescission must be elected promptly, and requires a party to restore the benefits received under the contract. *Mills County State Bank v. Fisher*, 282 N.W.2d 712, 714 (Iowa 1979). The Phipps claim the settlement agreement in this case constituted a contract, and the election of remedies doctrine should apply to

---

1. We are not asked to determine whether fraud actually occurred in this case. Instead, we focus on the remedies a party may have in the event it wishes to seek damages based upon fraud.

permit them to pursue an independent claim for damages.

■ We agree with the Phipps that settlement agreements are essentially contractual in nature. *Wright v. Scott*, 410 N.W.2d 247, 249 (Iowa 1987); *Thornton v. Hubill, Inc.*, 571 N.W.2d 30, 32 (Iowa App.1997). In fact, we utilize contract principles when interpreting settlement agreements and considering other challenges. *Shirley v. Pothast*, 508 N.W.2d 712, 715 (Iowa 1993); *see also Turner v. Low Rent Hous. Agency*, 387 N.W.2d 596, 599 (Iowa 1986) (recognizing a release or settlement agreement may be invalid by reason of economic duress). Thus, like a contract, we enforce a settlement agreement absent fraud, misrepresentation, or concealment. *Bergman v. Bergman*, 247 Iowa 98, 103, 73 N.W.2d 92, 96 (1955).

■ Although we have never considered whether the traditional election of remedies doctrine of contracts applies to settlement agreements, we observe most jurisdictions who have considered the issue permit a defrauded party to elect their remedy between rescission and an independent action for damages.[2] *See Matsuura v. Alston & Bird*, 166 F.3d 1006 (9th Cir.1999); *Sade v. Northern Natural Gas Co.*, 483 F.2d 230, 234 (10th Cir.1973); *Automobile Underwriters, Inc. v. Rich*, 222 Ind. 384, 53 N.E.2d 775, 777 (1944); *Ware v. State Farm Mut. Auto. Ins. Co.*, 181 Kan. 291, 311 P.2d 316, 320 (1957); *Bilotti v. Accurate Forming Corp.*, 39 N.J. 184, 188 A.2d 24, 34 (1963); *Ponce v. Butts*, 104 N.M. 280, 720 P.2d 315, 322 (N.M.Ct.App.1986). Other jurisdictions, on the other hand, have limited the remedy of the defrauded party to rescission of the agreement. *See Taylor v. Hopper*, 207 Cal. 102, 276 P. 990, 991–92 (1929); *Mackley v. Allstate Ins. Co.*, 564 S.W.2d 634, 636 (Mo.Ct.App.1978); *Davis v. Hargett*, 244 N.C. 157, 92 S.E.2d 782, 786 (1956).

■ We find the majority view persuasive. First, a rule which restricts plaintiffs to a claim for rescission may result in prejudice due to the delay that may result in pursuing their claims. *See Matsuura*, 166 F.3d at 1008 n. 4 (citing *DiSabatino v. United States Fidelity & Guar. Co.*, 635 F.Supp. 350, 354 (D.Del.1986)). Second, damages for fraud are conceptually different from the underlying tort claim and are capable of calculation. *Id.* Third, absent an action for fraud, many plaintiffs who have been fraudulently induced to enter into a settlement agreement would have no other practical remedy. *Id.* Finally, a rule which limits the remedy to rescission may do little to discourage fraud. *Id.*

While we find the election of remedies doctrine should generally be available to a defrauded party to a settlement agreement, we must further consider the effect of the dismissal of the prior lawsuit which was filed in conjunction with the settlement agreement in this case. The County claims the dismissal constituted a final judgment, and we should not recognize a cause of action based on grounds which would be unavailable to vacate such a judgment.

■ Our law distinguishes between extrinsic and intrinsic fraud, and applies different rules to vacate a judgment based upon fraud. Although extrinsic fraud can be a ground to vacate a judgment, intrinsic fraud cannot. *Costello v. McFadden*, 553 N.W.2d 607, 612 (Iowa 1996); *Stearns v. Stearns*, 187 N.W.2d 733, 735 (Iowa 1971); 49 C.J.S. *Judgments* § 309, at 432–33 (1997). Instead, intrinsic fraud inheres in the issues submitted to the court. *Stearns*, 187 N.W.2d at 735. A claim of false testimony constitutes intrinsic fraud. *Id.; see also Mauer v. Rohde*, 257 N.W.2d 489, 496 (Iowa 1977).

■ We consider a dismissal filed by a party in a case in conjunction with a settlement agreement to be a final adjudication on

---

**2.** A party who has executed a release or settlement based upon fraud has several potential remedies. *See* Annotation, *Right of Action for Fraud, Duress, or the Like, Causing Instant Plaintiff to Release or Compromise a Cause of Action Against Third Person*, 58 A.L.R.2d 500 (1958). These options include: (1) permitting the party to sue on the original cause of action and chal-

lenge the invalidity of the release when the release is offered as a defense; (2) allow the party to bring an equity action to set aside or reform the release; or (3) affirm the agreement and bring an action to recover damages for fraud. *Id.; see also* 37 Am.Jur.2d *Fraud and Deceit* § 32 (1968).

the merits. *See Bloom v. Steeve*, 165 N.W.2d 825, 826–27 (Iowa 1969); *Mensing v. Sturgeon*, 250 Iowa 918, 925, 97 N.W.2d 145, 148 (1959); Iowa R. Civ. P. 215, 217. Moreover, under our rules of procedure "every final adjudication of any of the rights of the parties in an action is a judgment." Iowa R. Civ. P. 219. Nevertheless, this does not mean all voluntary dismissals are judgments.

 A dismissal filed as part of a settlement agreement is considered a final adjudication to prevent multiple litigation over the same claims or issues. *See Bloom*, 165 N.W.2d at 827. Thus, for the purpose of applying the principles of res judicata, a voluntary dismissal can constitute a final adjudication of the claims and issues of a dismissed lawsuit. *Id.* On the other hand, voluntary dismissals are otherwise not considered to be an adjudication on the merits. *See* Iowa R. Civ. P. 217.

 The County seeks to apply a rule in this case which relates to vacating judgments. The Phipps do not seek to vacate a judgment. Moreover, the rationale for considering a voluntary dismissal to be a judgment for purposes of applying the principles of res judicata is not present in this situation. A rule which limits the collateral attack on a judgment by distinguishing between extrinsic and intrinsic fraud exists to protect the integrity of the adjudication process. *See* 47 Am.Jur.2d *Judgments* § 929, at 396 (1995). The collateral attack on a judgment procured by intrinsic fraud is not permitted because the parties had an opportunity at trial to expose the fraud to the trier of fact. *Id.* Any intrinsic fraud thus inheres in the issues submitted to and decided by the court. *Stearns*, 187 N.W.2d at 735. The voluntary dismissal in this case did not involve an adjudication of the case by the court or a jury and the rationale for protecting the integrity of the judgment does not exist.

 We conclude a voluntary dismissal is a final adjudication only for the purposes of res judicata principles. It is not a judgment for the purpose of the principles of collateral attack on a judgment. Accordingly, we conclude a party who dismisses a petition with prejudice following a settlement of the issues in the case may maintain an action for intrinsic fraud perpetrated by the other party in the settlement and dismissal. We reverse the order entered by the district court and remand this case for further proceedings.

**REVERSED AND REMANDED.**