Christoper **EATON**, Plaintiff,

v.

**MARION COUNTY FAIR ASSOCIATION,**
Defendants.

No. 4–01–CV–90294.

United States District Court,
S.D. Iowa,
Central Division.

Oct. 30, 2001.

Lawrence L. Marcucci, John C. Conger, West Des Moines, Iowa, for Plaintiff.

Michael G. Voorhees, Des Moines, Iowa, for Defendant.

MEMORANDUM OPINION
AND ORDER

PRATT, District Judge.

Plaintiff, Christopher Eaton, brings this action in diversity against Defendant, Marion County Fair Association (the "MCFA"), asserting interference with prospective business advantage, conversion, malicious prosecution, abuse of process, as well as violations of Iowa competition law and federal antitrust law. The MCFA has counterclaimed for breach of contract and raised affirmative defenses related to a mutual release the parties had previously signed. Defendant now moves for summary judgment, and for the reasons set forth below, the Court denies the motion.

## I. Facts

These claims arise out of the court order which MCFA secured to confiscate Mr. Eaton's sales merchandise at the national sprint car championships (the "Race"), which is run by the MCFA. On August 11th, the MCFA filed a lawsuit against Mr. Eaton for trademark infractions related to the t-shirt merchandise he was selling at the Race. In doing so, the MCFA obtained a court order instructing law enforcement authorities to seize Mr. Eaton's merchandise. In his resistance to the MCFA's motion for summary judgment, Mr. Eaton claims that he had spent $16,000 for all the merchandise he was selling between August 9 and August 12, but does not identify how much of that was confiscated on August 11th or went unsold as a result.

Mr. Eaton, through his brother and under the advice of counsel, negotiated for the return of this merchandise in exchange for $1540 in past royalties, fees, and costs, 15% in future royalties, and a "Mutual Release." A handwritten agreement was signed that day by Timothy Eaton and a representative of the MFCA (the "Settlement Agreement"). The agreement states "Re: Injunction on 8–11–2000," then lists six conditions, numbered 1–6, relating to the financial conditions and the return of the merchandise. Then, after the numbered list, the words "Mutual Release," stand alone before the parties' signatures. On August 22, 2000, the District Court of the State of Iowa in Marion County issued an Order dismissing the case, "having been advised that all matters have been settled." The Order does not specify whether it is with or without prejudice.

## II. Summary Judgment Standard

The purpose of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir.1992), *cert. denied*, 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993). Summary judgment "allows courts and litigants to avoid full-blown trials in unwinnable cases, thus conserving the parties' time and money and permitting courts to [conserve] scarce judicial resources." *Id.*

The precise standard for granting summary judgment is well-established and oft-repeated: summary judgment is properly granted when the record, viewed in the light most favorable to the nonmoving party and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir.1994). The Court does not weigh the evidence nor make credibility determinations, rather the court only determines whether there are any disputed issues and, if so, whether those issues are both genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *cited in Handeen v. Lemaire*, 112 F.3d 1339, 1345 (8th Cir.1997); *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Once the moving party has carried its burden, the nonmoving party must go beyond the pleadings and, by affidavits or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is genuine issue for trial. Fed.R.Civ.P. 56(c), (e); *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505. "[T]he mere existence of *some* alleged fac-

tual dispute between the parties will not defeat a motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505 (emphasis added). An issue is "genuine" if the evidence is sufficient to persuade a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. 2505. "As to materiality, the substantive law will identify which facts are material.... Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

■ The defendant's burden with respect to its affirmative defense in moving for summary judgment is no different from its burden with respect to the plaintiff's claims, it must show that there is no genuine issue of material fact. Only in the case of moving for summary judgment on an affirmative defense, the defendant "must adduce evidence to support each element of its defenses and demonstrate the lack of any genuine issue of material fact with regard" to them. *Rushing v. Kansas City S. Ry.,* 185 F.3d 496, 507 (5th Cir.1999). "Once the movant meets the appropriate burden, the nonmovant must expressly set forth 'specific facts showing that there is a genuine issue for trial.'" *Simmons v. Koronis Parts, Inc.,* 2001 WL 1095008 (D.Minn.) (quoting *Anderson* 477 U.S. at 248, 106 S.Ct. 2505).

### III. Discussion

MCFA moves for summary judgment on the basis of its affirmative defenses of res judicata and the settlement agreement it previously reached with Mr. Eaton (the "Agreement"). The defense of res judicata fails as a matter of law and there are genuine issues of material fact with respect to whether the Agreement bars Mr. Eaton's claims and whether the Agreement itself it voidable due to duress.

### A. The Settlement Agreement

#### 1. Vagueness

■ The Settlement Agreement that the MCFA would have this Court use to bar Mr. Eaton's claims simply states "Mutual Release." Typically, a mutual release outlines the possible claims, parties, and time period to which such a mutual release might apply. A mutual release may, in fact, release the parties and anyone in any way related to them from any conceivable claims against each other for all time up to the date of the agreement, but lawyers will typically draft mutual releases that actually say that, rather than simply recite the magic words, "Mutual Release." Does the term in the Agreement, "Mutual Release" apply to all conceivable claims, or simply claims related to the injunction and not the court order to seize merchandise or the MFCA's trademark claims? Does the Agreement apply to claims arising for all time past, or simply the events of August, 2000? The Agreement is far too vague to answer these questions on its face and hence there is a genuine issue of material fact as to whether it bars Mr. Eaton's claims.

#### 2. Economic Duress

■ Mr. Eaton also challenges the Settlement Agreement on the grounds that it was obtained under "economic duress." The Iowa Supreme Court has stated that elements for finding a contract voidable due to economic duress include whether "(1) one party involuntarily accepted the terms of another, (2) circumstances permitted no other alternative, and (3) such circumstances were the result of coercive acts of the other party." *Fees v. Mut. Fire and Auto. Ins. Co.,* 490 N.W.2d 55, 58 (Iowa 1992).

Mr. Eaton may, or may not, have a valid defense to the enforcement of the settlement agreement under these elements.

He clearly accepted terms dictated to him by the MCFA that he did not want to accept. Mr. Eaton's only alternative was to accept business losses, and fail to mitigate damages in doing so, and hope he could recover the losses in litigation later. Finally, the situation was clearly created by the court order to seize Mr. Eaton's merchandise obtained by the MCFA.

Whether or not Mr. Eaton's litigation alternative was viable, and thus whether or not the terms of the agreement were indeed forced upon Mr. Eaton under the circumstances are questions of fact that this Court will not decide on summary judgment, but ones that are more properly reserved for a finder of fact. It is unclear whether the MCFA is moving for summary judgment on their breach of contract claim, but if so, the Court finds that there is a genuine issue of material fact with respect to Mr. Eaton's affirmative defense of economic duress and also will not grant summary judgment on that claim at this time.

## B. Res Judicata

■ "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). The Order in question here, by the Iowa District Court in Marion County, did not specify whether it was with or without prejudice; however, under Iowa law, a dismissal that does not specify whether it is with or without prejudice is presumed to be without prejudice. *Montgomery Ward Dev. Co. v. Cedar Rapids Bd. of Review*, 488 N.W.2d 436, 443 (Iowa 1992) *(rev'd on other grounds)*.

■ There is a long-standing principle in Iowa law that a dismissal without prejudice is not res judicata. *Venard v.*

*Winter*, 524 N.W.2d 163, 167 (Iowa 1994) (J. Lavarato). See also *Windus v. Great Plains Gas*, 254 Iowa 114, 116 N.W.2d 410, 415–16 (Iowa 1962) (J. Snell); *County of Dubuque v. Koch*, 17 Iowa 229 (Iowa 1864). Conversely, it is also well-established principle of Iowa law that an action that is dismissed with prejudice pursuant to a settlement agreement is res judicata. See also *Iowa Dept. of Human Serv. v. Mundie*, 436 N.W.2d 60, 61 (Iowa 1989) (J. Snell); *Bloom v. Steeve*, 165 N.W.2d 825, 827 (Iowa 1969); *Mensing v. Sturgeon*, 250 Iowa 918, 924, 97 N.W.2d 145 (1959).

In *Phipps v. Winneshiek County*, 593 N.W.2d 143, 146–7 (Iowa 1999) (J. Cady), the Iowa Supreme Court states "[w]e consider a dismissal filed by a party in a case in conjunction with a settlement agreement to be a final adjudication on the merits." This Court must note that, unlike previous cases stating this rule, the Iowa Supreme Court did not limit it to dismissals with prejudice. On the other hand, it is also important to note though that the dismissal at issue in *Phipps* was with prejudice. Consequently, this Court can only surmise that the Iowa Supreme Court would not have abrogated, in dicta, the rule of law stating that dismissals without prejudice are not res judicata without explicitly addressing the issue.

Furthermore, in *Bloom*, cited by the Iowa Supreme Court in *Phipps*, the Iowa Supreme Court held that "[u]nless the record of dismissal is clear enough," it is the burden of the party arguing res judicata to show by competent extrinsic evidence what matters were determined by voluntary dismissal. *Bloom*, at 827. It appears in this case that the MCFA's attorney at the time secured the dismissal on the strength of a settlement agreement that stated, in its entirety, "Mutual Release." Not only did the Agreement fail to specify with any clarity what issues were decided that day,

but the dismissal that the MCFA's attorney secured also failed in that regard. It even failed to specify whether the case was dismissed with prejudice.

As a result, this Court cannot hold that the Order issued by the Iowa State District Court in Marion County is an adjudication on the merits that would bar Mr. Eaton's claims as res judicata.

### IV. Order

The Court hereby denies the Defendant's motion for summary judgment.

IT IS SO ORDERED.