# IN THE COURT OF APPEALS OF IOWA

No. 16-2034
Filed January 24, 2018

**MARVIN E. KRAUS AND KEVIN W. KRAUS,**
**as Co-Executors of the ESTATE OF BEVERLY A. KRAUS,**
　　Plaintiffs-Appellees,

**vs.**

**VINCENT MUMMAU,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Clayton County, Margaret L. Lingreen, Judge.


　　Defendant appeals the district court decision denying his request to set aside a civil judgment on the grounds of extrinsic fraud. **AFFIRMED.**


　　Matthew M. Sahag of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

　　Benjamin G. Arato and Robert G. Tully of Law Offices of Rob Tully, P.C., West Des Moines, and Mark A. Roeder of Roeder Law Office, Manchester, for appellee.


　　Heard by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Vincent Mummau appeals the district court decision denying his request to set aside a civil judgment on the grounds of extrinsic fraud. We find Mummau has not shown there was extrinsic fraud and the district court did not abuse its discretion in denying his petition to vacate the civil judgment under Iowa Rule of Civil Procedure 1.1012. We affirm the decision of the district court.

### I.      Background Facts & Proceedings

Mummau was convicted of sexual abuse in the third degree, in violation of Iowa Code section 709.4 (2011), based on an incident which occurred on July 7, 2011. His conviction was affirmed on appeal.[1] *See State v. Mummau*, No. 12-1082, 2013 WL 2145994, at *7 (Iowa Ct. App. May 15, 2013).

As part of the criminal case, the victim, Beverly Kraus, who was then seventy-three years old, gave a deposition on August 16, 2011. Kraus was asked, "Have you ever made any kind of complaints regarding sexual impropriety by anybody else?" Kraus stated she had been molested by a relative when she was a child. She was then questioned:

> Q. Since that time was there ever any other time that you made a complaint against anybody about a sexual impropriety? A. No.
> Q. And that would also go for at work; there was never any kind of a sexual harassment claim or anything like that? A. No, not from me.

On December 26, 2012, Kraus filed a civil action against Mummau seeking damages from him on the grounds of sexual battery and sexual abuse.

---

[1] Mummau's petition for postconviction relief from his conviction for third-degree sexual abuse was denied by the district court and on appeal. *See Mummau v. State*, No. 16-1909, 2017 WL 3535294, at *7 (Iowa Ct. App. Aug. 16, 2017).

Kraus's deposition in the civil action was taken on October 3, 2013. Her attorney stated evidence of Kraus's sexual conduct with persons other than Mummau, the person who committed the sexual abuse, was not subject to discovery under section 668.15, and instructed Kraus not to answer questions on the issue. Mummau's attorney stated, "[W]e'll move on and deal with it later." Kraus was asked if she had been the defendant in any civil suits. She was not questioned about whether she had been a plaintiff in a civil action or had filed any complaints against anyone other than Mummau for sexual improprieties.

The district court determined Mummau's conviction for third-degree sexual abuse was res judicata as to all elements of sexual battery and sexual abuse, except for the issue of damages. Mummau waived his right to a jury trial and a trial to the court was held in April 2014. On May 8, 2014, the district court found Kraus had been diagnosed with chronic post-traumatic stress disorder after the incident. The court awarded Kraus $153,750 in compensatory damages and $10,000 in punitive damages, for a total of $163,750. Mummau did not appeal the district court's decision.

On April 27, 2015, Mummau filed a petition to vacate the judgment, pursuant to rule 1.1012(2) (irregularity or fraud), (5) (unavoidable casualty), and (6) (newly discovered evidence). He claimed Kraus's deposition testimony in August 2011 was untruthful because on April 2, 1996, she filed a petition for relief from domestic abuse from her boyfriend, Robert Irons, which included allegations of physical abuse but also alleged Irons "held me down on the bed to have sex." Based on Kraus's petition, a temporary protective order was issued. Later, Kraus

filed a motion seeking to have the protective order dismissed. The district court entered an order on July 18, 1996, stating the temporary protective order was "nullified as of this date."

Kraus resisted the petition to vacate the judgment. Kraus died on June 17, 2015, and her estate was substituted as the plaintiff in this case. After a hearing, the district court denied Mummau's petition to vacate. The court found no evidence of irregularity or fraud in obtaining the civil judgment, no evidence of unavoidable casualty or misfortune which prevented him from defending the action, and there was no newly-discovered material evidence. The court found there were no grounds to vacate the civil judgment against Mummau. Mummau appealed the decision of the district court.

## II.    Standard of Review

We review a district court's decision on a petition to vacate a judgment under rule 1.1012 for the correction of errors at law. *In re Marriage of Kinnard*, 512 N.W.2d 821, 823 (Iowa Ct. App. 1993). Our supreme court has stated:

> The district court enjoys wide discretion in deciding whether to vacate an order under rule [1.1012]. We will not reverse the trial court's decision on this question unless an abuse of discretion has been shown. We are more reluctant to find an abuse of discretion where the judgment has been vacated than when relief has been denied.
> The court's exercise of discretion must have some support in the record. In examining the record, we give the trial court's findings the force of a jury verdict. Consequently, if the trial court's factual findings are supported by substantial evidence, they are binding on appeal.

*In re Adoption of B.J.H.*, 564 N.W.2d 387, 391 (Iowa 1997) (citations omitted).

### III.    Petition to Vacate

We first note Mummau's present claims are an improper collateral attack on his criminal conviction. "It is well-established that a decree or judgment generally cannot be attacked collaterally." *Heishman v. Heishman*, 367 N.W.2d 308, 309 (Iowa Ct. App. 1985). "Any mere error in the judgment is not now reviewable. The judgment may be attacked collaterally only if it was entered without jurisdiction." *Marshfield Homes, Inc. v. Eichmeier*, 176 N.W.2d 850, 851 (Iowa 1970). Mummau makes no claim the district court did not have jurisdiction in the criminal proceedings against him.

On appeal, Mummau claims the civil judgment against him should be vacated on the ground of "[i]rregularity or fraud practiced in obtaining it," under rule 1.1012(2). A petition to vacate a judgment under rule 1.1012 must be filed within one year after a judgment is entered. Iowa R. Civ. P. 1.1013(1); *Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 881 (Iowa 2014). Mummau's petition was filed within the one-year period after the district court entered judgment against him for $163,750.

Kraus claims the civil judgment was obtained by extrinsic fraud. Mummau states Kraus willfully and intentionally concealed a prior allegation of sexual abuse against Irons. He also states her willful concealment prevented a fair submission of the issues in the criminal action, and this should have prevented the application of the doctrine of res judicata in the civil action. Mummau states if he had known Kraus made an allegation of sexual abuse against Irons, obtained a protective order, and then later requested to have the protective order

dismissed, he would have argued she had made a prior false allegation of sexual abuse, which he asserts could have been admissible under the false claim exception found in *State v. Alberts*, 722 N.W.2d 402, 412 (Iowa 2006).

In order to vacate a judgment under rule 1.1012(2), a party must show the opposing party engaged in fraud extrinsic to the judgment. *See In re Marriage of Cutler*, 588 N.W.2d 425, 429 (Iowa 1999). "Extrinsic fraud pertains to the manner in which the judgment was procured." *Kinnard*, 512 N.W.2d at 823. It is fraud which is collateral of the matter being tried and "not fraud in a matter on which the judgment was rendered." *Cook v. Cook*, 146 N.W.2d 273, 276 (Iowa 1966). "Extrinsic fraud is some act or conduct of the prevailing party which has prevented a fair submission of the controversy." *Johnson v. Mitchell*, 489 N.W.2d 411, 415 (Iowa Ct. App. 1992). "It includes the lulling of a party into a false sense of security or preventing him from making a defense." *In re Marriage of Heneman*, 396 N.W.2d 797, 800 (Iowa 1986). "A fraudulent concealment of facts which would have caused the judgment not to have been rendered will constitute extrinsic fraud." *Bradley v. Bd. of Trs. of Washington Twp.*, 425 N.W.2d 424, 425 (Iowa Ct. App. 1988). Extrinsic fraud must be proven by clear and convincing evidence. *Stearns v. Stearns*, 187 N.W.2d 733, 735 (Iowa 1971).

While a judgment may be vacated under rule 1.1012(2) based on extrinsic fraud, it cannot be vacated based on intrinsic fraud. *Phipps v. Winneshiek Cty.*, 593 N.W.2d 143, 146 (Iowa 1999). "[I]ntrinsic fraud inheres in the issues submitted to the court." *Id.* "Included in the term 'intrinsic fraud' are false testimony, fraudulent instruments, and any fraudulent matter that was presented

and considered in rendering judgment." *Cook*, 146 N.W.2d at 276. "Intrinsic fraud 'occurs within the framework of the actual conduct of the trial and pertains to and affects the determination of the issue presented therein. It may be accomplished by perjury, or by the use of false or forged instruments, or by concealment or misrepresentation of evidence.'" *Mauer v. Rohde*, 257 N.W.2d 489, 496 (Iowa 1977) (citation omitted). Thus, "[a] claim of false testimony constitutes extrinsic fraud." *Phipps*, 593 N.W.2d at 146; *see also Adoption of B.J.H.*, 564 N.W.2d at 391 (noting intrinsic fraud includes false testimony).

In her deposition, taken on August 16, 2011, Kraus testified she had never made any complaints about sexual improprieties against anyone other than Mummau. However, on April 2, 1996, she had filed a petition for relief from domestic abuse from her boyfriend, Irons, which included allegations of sexual improprieties. Even if we accepted this evidence could possibly be admissible under section 668.15, which excludes evidence of a plaintiff's past sexual conduct in a civil action alleging sexual abuse,[2] *Doe v. New London Cmty. Sch. Dist.*, 848 N.W.2d 347, 354 (Iowa 2014), Kraus's statement in her deposition would constitute intrinsic fraud, rather than extrinsic fraud. False statements constitute intrinsic fraud. *Phipps*, 593 N.W.2d at 146; *Adoption of B.J.H.*, 564 N.W.2d at 391; *Mauer*, 257 N.W.2d at 496; *Cook*, 146 N.W.2d at 276.

Kraus's statement did not prevent a fair submission of the controversy, lull Mummau into a false sense of security, or prevent him from making a defense,

---

[2] Mummau does not present any evidence to support his assertion Kraus's decision to seek dismissal of the temporary protective order against Irons was because her initial allegations against Irons were false. Therefore, the allegations against Irons would not have been admissible under the false claim exception to the rape-shield law. *See Alberts*, 722 N.W.2d at 412.

which are the hallmarks of extrinsic fraud. *See Adoption of B.J.H.*, 564 N.W.2d at 391. Because Mummau has not shown there was extrinsic fraud, the district court did not abuse its discretion in denying his petition to vacate the civil judgment under rule 1.1012. We affirm the decision of the district court.

**AFFIRMED.**