# IN THE COURT OF APPEALS OF IOWA

No. 19-0589
Filed November 27, 2019

**MARVIN MITCHELL,**
    Plaintiff-Appellant,

**vs.**

**TAMMY CHRISTENSEN,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Marvin Mitchell appeals the denial of his motion to vacate the order granting summary judgment for Tammy Christensen. **AFFIRMED.**

John P. Roehrick of Roehrick Law Firm, P.C., Des Moines, for appellant.

Anita Dhar Miller and Benjamin T. Erickson of Grefe & Sidney, P.L.C., Des Moines, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ. May, J. takes no part.

**DOYLE, Judge.**

Marvin Mitchell appeals the denial of his motion to vacate the order granting summary judgment for Tammy Christensen on his tort claims. Mitchell contends "newly discovered" material warrants vacation of the summary judgment order. Because the material Mitchell provided to the court is not "newly discovered evidence" we affirm the district court's denial of Mitchell's motion.

## I. Background Facts and Proceedings.

Mitchell filed a petition against Christensen, Louis Bonacci, and Erik Fisk,[1] alleging claims of conversion of an engagement ring, theft of Mitchell's mail and identity, defamation, publication of defamatory materials, wrongfully communicating with Mitchell "in a manner calculated to intimidate or annoy him, including threats of violence," and prosecution of "false charges of domestic abuse" with the intent to, among other things, "use the legal process to harass" and "inflict emotional distress." During a contentious discovery process, Mitchell requested production of documents including copies of text messages from Christensen's cellphone account. Christensen objected. Mitchell moved to compel. Christensen was ordered to produce, among other things, all emails, and text messages from January 1, 2016 to November 2017 that contained Mitchell's name. Alleging Christensen violated the order, Mitchell renewed his motion to compel. Christensen was again ordered to produce the records she received from her cellphone carrier. She failed to do so.

---

[1] Fisk was later dismissed from the suit.

Christensen moved for summary judgment. In resisting the motion, Mitchell alleged that Christensen made false statements in her deposition and failed to comply with his discovery requests. After a hearing, the district court granted summary judgment for Christensen noting, in part,

> The Court has considered Mitchell's complaint that Christensen has not provided certain text messages in discovery. Mitchell does not, however, explain what evidence those text messages would likely contain. More to the point, Mitchell does not explain how those text messages would create fact questions regarding Mitchell's claims. Nor has Mitchell submitted the affidavit required by Rule 1.981(5). Therefore, Mitchell's complaint about Christensen's texts does not provide a basis to refuse summary judgment.

The court dismissed all claims against Christensen.

Thereafter, Bonacci reached a settlement with Mitchell. Bonacci then gave a deposition in which he testified that during the litigation with Christensen, he was aware that Christensen refused to provide documents to her counsel for discovery purposes and provided false documentary evidence. Based on Bonacci's testimony, Mitchell petitioned to vacate or modify the summary judgment on the grounds Christensen practiced irregularity or fraud in obtaining the judgment and upon newly discovered evidence. *See* Iowa R. Civ. P. 1.1012(2), (6) (2018). Christensen resisted, arguing any alleged fraud was intrinsic fraud[2] and Mitchell produced no newly discovered evidence in support of his petition. Mitchell then

---

[2] In order to vacate a judgment under rule 1.1012(2), a party must show the opposing party engaged in fraud extrinsic to the judgment. *See In re Marriage of Cutler*, 588 N.W.2d 425, 429 (Iowa 1999). "Extrinsic fraud pertains to the manner in which the judgment was procured." *In re Marriage of Kinnard*, 512 N.W.2d 821, 823 (Iowa Ct. App. 1993). While a judgment may be vacated under rule 1.1012(2) based on extrinsic fraud, it cannot be vacated based on intrinsic fraud. *Phipps v. Winneshiek Cty.*, 593 N.W.2d 143, 146 (Iowa 1999). "[I]ntrinsic fraud inheres in the issues submitted to the court." *Id.*

supplied the court with copies of Christensen's telephone records, including twenty-two pages of text messages between Bonacci and Christensen covering the period February 23 through February 28, 2018.[3]

Following a hearing, the district court denied Mitchell's petition on two grounds. The court held "that the matters alleged would be in the way of an intrinsic fraud and, therefore, pursuant to *Phipps v. Winneshiek County*, 593 N.W.2d 143 (Iowa 1999) the judgment cannot be vacated." The court also held "no newly discovered evidence has been provided to the Court showing the outcome would have been different. No evidence has been produced that is material to the issues in the case and is not merely cumulative and impeaching that would have changed the outcome." Mitchell appeals.

**II. Scope and Standard of Review.**

We review the district court's refusal to vacate judgment for correction of errors at law. *See In re Marriage of Cutler*, 588 N.W.2d 425, 429 (Iowa 1999). We will reverse only if the district court has abused its discretion. *In re Adoption of B.J.H.*, 564 N.W.2d 387, 391 (Iowa 1997). The court has a large amount of discretion in determining whether to vacate a prior judgment, but the exercise of discretion must have some support in the record. *Id.*; *In re Marriage of Kinnard*, 512 N.W.2d 821, 823 (Iowa Ct. App. 1993).

---

[3] Sometime after Bonacci's deposition, Bonacci furnished some 300 pages of text messages to Mitchell. The 22 pages furnished to the court were a "random sampling" of the 300 pages.

### III. Analysis.

Did the district court properly deny the petition to vacate in finding that Mitchell failed to provide newly discovered evidence?[4]  To vacate a judgment based on newly discovered information under rule 1.1012(6), a party must show:

> (1) the evidence is newly discovered and could not, in the exercise of due diligence, have been discovered prior to the conclusion of the trial; (2) the evidence is material and not merely cumulative or impeaching; and (3) the evidence will probably change the result if a new trial is granted.

*Benson v. Richardson*, 537 N.W.2d 748, 762 (Iowa 1995).  Mitchell strikes out on all three requirements.

"Under Iowa law, 'newly discovered evidence' sufficient to merit a new trial is evidence which existed at the time of trial, but which, for excusable reasons, the party was unable to produce at the time."  *See id.* at 762-63.  Mitchell submitted twenty-two pages of text messages to the court.  The text messages did not exist at the time of the summary judgment hearing as they all postdated the hearing.  So they do not meet the definition of "newly discovered evidence."

Secondly, upon our examination of the text messages we, like the district court, find that none of the messages are material to the issues in the case.  The text messages relevant to the litigation consisted mainly of speculation between Christensen and Bonacci discussing when and how the court would decide on the

---

[4] On appeal Mitchell abandons his rule 1.1012(2) fraud argument made to the district court.  He now asserts, "under the facts and results of the present case, there was no 'extrinsic' or 'intrinsic' fraud practiced."  Since the district court properly denied the petition to vacate on the newly discovered evidence issue, we need not discuss the fraud issue.

February 2018 summary judgment hearing.  The messages did not concern Mitchell's allegations.

Thirdly, we find nothing in the submitted text messages that would probably change the result if the summary judgment is set aside and a trial granted.

So we agree with the district court that Mitchell did not present any newly discovered evidence material to the issues in the case showing the outcome would have been different.   The district court properly exercised its discretion in denying Mitchell's motion to vacate.  We affirm.

**AFFIRMED.**