# IN THE COURT OF APPEALS OF IOWA

No. 20-1016
Filed June 16, 2021

**MICHAEL C. RYAN and RYAN DATA EXCHANGE, LTD d/b/a RYDEX, LTD,**
Plaintiffs-Appellants,

**vs.**

**BELIN McCORMICK, P.C., QUENTIN BOYKEN, MICHAEL R. RECK, CHRISTOPHER RISEWICK, and SENECA DISTRIBUTION, LC,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Robert Hanson, Judge.

An inventor and his limited liability company alleging fraudulent settlement appeal the grant of summary judgment to his long-time investor and its law firm and attorneys. **AFFIRMED**.

Kenneth R. Munro, Des Moines, for appellants.

Michael J. Streit of Sullivan & Ward, PC, West Des Moines, for appellees.

Considered by Tabor, P.J., Ahlers, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**TABOR, Presiding Judge.**

"Mike Ryan has shown to be a tireless litigant."[1]   So argued counsel representing the Belin McCormick law firm (Belin) at the hearing on its motion for summary judgment.   In this litigation, Ryan—an inventor and patent holder—accuses Belin and two of its attorneys of conspiring with his long-time investor, Christopher Risewick, to reach fraudulent settlements.   Risewick also moved for summary judgment.  The district court granted those motions, reasoning that the release and settlement agreement Ryan signed barred his claims.[2]  Because we approve of the reasons and conclusions in the district court's ruling, we affirm in this memorandum opinion.  *See* Iowa Ct. R. 21.26(1)(d), (e).

It would detract from the streamlined format of this opinion to present an exhaustive history of the business entanglements between Ryan and Risewick.  It's enough to say that "Risewick and his company, Seneca Distribution, L.C. were long-time clients of Belin.  Beginning in 1999, Seneca began investing in Rydex, which held patents concerning a wireless fluid delivery control system.  Belin performed legal work pertaining to the relationship between Seneca and Rydex."  *Ryan v. Belin McCormick, P.C.*, No. 16-1345, 2018 WL 348089, at *1 (Iowa Ct. App. Jan. 10, 2018) (footnote omitted).  In that action, Belin admitted

---

[1] Michael Ryan is the founder of Ryan Data Exchange (doing business as Rydex).  For brevity, we will refer to the plaintiffs as Ryan.
[2] Along with fraud, Ryan's petition alleged defamation, negligent misrepresentation, unjust enrichment, and breach of fiduciary duties.  The district court found he abandoned those claims before the summary judgment hearing.  Ryan did not contest that abandonment finding in the district court.  Nor does he try to resurrect those claims on appeal.

having an attorney–client relationship with Rydex for certain matters between 2000 and 2006. *Id.*

By 2007, Risewick had advanced over one million dollars to Ryan's patent projects. Their shifting business structure led to a series of disputes. Those disputes came to a head in 2011 when Ryan sued Risewick for breach of fiduciary duty, interference with business prospects, and negligent and fraudulent misrepresentation. Represented by Belin, Risewick counterclaimed to enforce a promissory note and forbearance agreement. In October 2012, Ryan and Risewick jointly consented to judgment of $1,786,794 in favor of Risewick. Then in March 2014, Ryan signed a release and settlement agreement. That agreement included broad terms, releasing the parties from liability for all claims "whether known or unknown." That agreement also reduced the remaining amount Ryan owed on the 2012 judgment to $550,000.

Now, seven years later, that agreement fuels this litigation. Ryan contends he has a valid claim for fraudulent settlement against Risewick and Belin. He asserts withholding discovery documents was fraud. *See Phipps v. Winneshiek Cnty.*, 593 N.W.2d 143, 145 (Iowa 1999) ("[S]ettlement agreements are essentially contractual in nature. . . . [W]e utilize contract principles when interpreting settlement agreements and considering other challenges. Thus, like a contract, we enforce a settlement agreement absent fraud, misrepresentation, or concealment." (citations omitted)). He relies on *Phipps* for the proposition that "a party who dismisses a petition with prejudice following a settlement of the issues in the case may maintain an action for intrinsic fraud perpetrated by the other party in the settlement and dismissal." *Id.* at 147.

The district court distinguished *Phipps*. The court noted the Phippses were not aware of any fraud before voluntarily dismissing their personal injury lawsuit. By contrast, Ryan knew the facts underlying his fraud theory since 2003 and alleged fraud in his 2011 suit against Risewick. Ryan discussed the alleged fraud at various times with different attorneys representing him. As the district court analyzed, Ryan "had reason to believe fraud had occurred prior to entering into the subject release and settlement agreement, . . . therefore [he] cannot leave the release and settlement agreement in place and then pursue a claim that had already been released." That analysis is compelling. Unlike the Phippses, Ryan knew the basis for his fraud claim against Risewick and Belin but chose to release it. *See Thorton v. Hubill, Inc.*, 571 N.W.2d 30, 32–33 (Iowa Ct. App. 1997) (enforcing terms of settlement agreement). We share the district court's view that *Phipps* does not support Ryan's claim. In any case, the agreement released all claims "known or unknown." Ryan's allegation of intrinsic fraud cannot be the basis for his collateral attack. *See Phipps*, 593 N.W.2d at 147.

In a separate division of his appellant's brief, Ryan contests the dismissal of his malpractice claim against Belin and its attorneys. In his trial brief, Ryan alleged a litany of ethical breaches by several Belin attorneys. Ryan claimed he did not suffer damage from their malpractice until the settlement agreement. The district court held that alleged violations of professional-conduct rules did not lead to civil liability. *See Iowa Sup. Ct. Att'y Disciplinary Bd. v. Daniels*, 838 N.W.2d 672, 678 (Iowa 2013). Now Ryan insists he has a valid claim against Belin and the attorneys beyond "a simple conflict of interest." But he did not pursue that position in opposition to summary judgment. Like the district court, we see no

genuine issue of material fact and agree that Belin and its attorneys are entitled to judgment as a matter of law.

Finding no grounds for reversal, we affirm without further opinion.

**AFFIRMED.**